## MURPHY v. McMILLAN.

1. **Criminal Practice**: FAILURE OF JUDGE TO FIX AMOUNT OF BAIL ON IMPOSING SENTENCE. Where the court, on rendering judgment of imprisonment for grand larceny, failed to fix the amount of bail as required by section 4511 of the Code, the defendant was entitled to have the omission corrected, but he was not, on *habeas corpus*, entitled to be discharged from custody on account of such omission.

*Appeal from an order of Hon. D. D Miracle, Judge of the Circuit Court of 11th Judicial District.*

WEDNESDAY, OCTOBER 18.

THE defendant is warden of the penitentiary at Ft. Madison and the plaintiff is confined therein. For the purpose of testing the legality of his confinement, the plaintiff obtained a writ of *habeas corpus*. Upon the hearing it was held the plaintiff was not illegally restrained and he was remanded to the custody of the defendant. From such order the plaintiff appeals.

*Gilman, Birdsal & Wilner*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, CH. J.—The plaintiff was indicted and sentenced to be confined in the penitentiary for the commission of the crime of grand larceny. The record fails to show that at the time sentence was pronounced the amount in which bail might be taken was fixed as provided in Code § 4511, which is as follows:

"In all cases except murder in the first degree, the court rendering judgment must make an order fixing the amount in which bail must be taken, and there shall be no execution of the judgment until such an order is made."

Because the record fails to show the required order was made, the plaintiff insists he is illegally restrained and is entitled to be discharged. That his imprisonment is irregular

and erroneous will be conceded, but it does not follow that it is void and he entitled to be discharged from custody. It is conceded the object in fixing the amount of bail is for the purpose of an appeal to the Supreme Court. When the bail thus fixed is given and an appeal taken, the sentence stands suspended until the case is determined by the Supreme Court. Such being the object of the statute, what consequences should result from the court's failure to enter of record the requisite order. The plaintiff clearly was entitled to such an order, but he failed to ask that it be made. Possibly he was not compelled to do so. His right to appeal was in no manner abridged by the failure of the court in the respect mentioned. If, pending the appeal, the plaintiff desired to be admitted to bail, this could have been done in a proceeding of the same character as the present. We think the plaintiff had the right to have that done which the court failed to do. The statute declares the consequences which shall result from a failure to make the order, and that is the execution of the judgment shall not take place until the order is made. The plaintiff could have prevented the execution of the judgment by obtaining a writ of *habeas corpus* for the purpose of having the bail fixed. Possibly he is entitled to such relief now if he desires it. But at most, at some time, on his application, the plaintiff had the right to have the omission of the court corrected.

Much has been said by counsel in relation to whether this statute is mandatory or directory. It does not seem to us material which it is; for, in no event is the plaintiff entitled to his discharge, but simply to have such an order as the court should have made. More than this he is not entitled to.

AFFIRMED.