## JACOBY v. WADDELL.

1. **Justice's Court:** JUDGMENT OF CONVICTION: NOT VOID FOR IRREGU-
   LARITY. Section 4697 of the Code provides that a justice of the peace
   rendering a judgment of conviction against a defendant must inform
   him of his right to appeal; but a failure so to do does not deprive the
   defendant of the right to appeal, nor render the judgment void, nor
   entitle the defendant to a discharge on *habeas corpus*.

*Appeal from an Order of the Hon. Ed. R. Duffie, Judge
of the District Court of the Fourteenth Judicial Dis-
trict.*

### TUESDAY, JUNE 12.

THE defendant is sheriff of Sac county, and had the plaint-
iff in his custody under a warrant issued by a justice of the
peace, committing the defendant to jail, because of his con-
viction of a crime by the justice of the peace. On the
alleged ground that the judgment of the justice was void,
that plaintiff applied for, and there was issued, a writ of
*habeas corpus*. Upon the hearing the court refused to dis-
charge the plaintiff, and remanded him to the custody of the
sheriff. The plaintiff appeals.

*Charles D. Goldsmith*, for appellant.

No appearance for appellee.

. SEEVERS, J.—The statute provides: "The justice render-
ing a judgment against a defendant must inform him of his
right to an appeal therefrom, and make an entry on the
docket of the giving of such information, and the defendant
may thereupon take an appeal by giving notice orally to the
justice that he appeals, and the justice must make an entry
on his docket of the giving of such notice." Code, § 4697.

The justice failed to inform the plaintiff of his right to an
appeal, and failed to make such an entry on his docket. Be-

cause of this omission it is said that the judgment of conviction rendered by the justice is void, and the plaintiff entitled to a discharge. The learned judge before whom the hearing on *habeas corpus* was had ordered that the "appeal bond be fixed at $100, in case the relator shall desire to appeal from said judgment," and remanded the appellant to the custody of the defendant. We think the relief granted the plaintiff was all he was entitled to. The plaintiff is presumed to know the law, and he was clearly entitled to an appeal, notwithstanding the omission of the justice. If he had expressed a desire to appeal, the justice, without doubt, would have fixed the amount of the bond. Because of the omission of the justice, the plaintiff was not deprived of any substantial right. The judgment remained in full force, although the justice failed to inform the plaintiff that he was entitled to an appeal. In principle this case is not different from *Murphy v. McMillan*, 59 Iowa, 515. Following that case, the order of the judge of the district court mst be

AFFIRMED.