STATE OF IOWA, Appellee, v. OSCAR OLSON, Appellant.

INTOXICATING LIQUORS: Nuisance—Evidence—Sufficiency. Rec
1   ord reviewed, and held to sustain a verdict of guilty of maintaining
     an intoxicating liquor nuisance, especially against the claim that
     the accused was not the proprietor of the place.

INTOXICATING LIQUORS: Nuisance—Evidence—Purchase of Liquor
2   in Absence of Accused. Evidence of the sale of intoxicating liquors

at the place of an alleged nuisance and in the *absence of the accused* is admissible, the guilty connection of the accused with said place being otherwise shown.

**WITNESSES:** Impeachment—Contradictory Statements. A witness who has testified that, at the time of the search of an establishment for intoxicating liquors, he was the owner thereof by purchase from the accused on trial, may be impeached by testimony that, at the time of the search, he had said that he was working for the accused on trial; and it is immaterial (except as to the application of such testimony) whether the accused on trial was or was not present at the time of said search.

**WITNESSES:** Examination—Identification of Subject-Matter. It is proper to ask a witness whether certain liquors *purporting* to come from a named place had been delivered to him for analysis, such liquors being otherwise properly identified.

**CRIMINAL LAW:** Trial—Rebuttal Witnesses Not Before Grand Jury. It is quite immaterial that witnesses called by the State in rebuttal were not before the grand jury.

**WITNESSES:** Credibility—Allowing Witness to Explain Conduct. A witness employed by the State to secure evidence of the illegal sale of intoxicating liquors may, on redirect examination, be permitted to state why it was necessary for him to drink liquors at the various places visited by him.

**INTOXICATING LIQUORS:** Nuisance—Habitual Violator—Evidence. On the trial of an indictment for maintaining an intoxicating liquor nuisance, wherein the fact is alleged, in the language of the statute (Sec. 1964, Code of 1924), that the accused has, prior to the commission of the offense charged, *"entered pleas of guilty"* on two other separate indictments for maintaining liquor nuisances, the final judgments entered on such pleas are admissible.

**CRIMINAL LAW:** Judgment—Failure to Fix Appeal Bond—Effect. The failure of the court, in entering judgment, to fix the amount of the bond upon appeal affects neither the validity nor the finality of the judgment.

**CRIMINAL LAW:** Judgment—Suspension During Good Behavior— Effect. The *suspension* of a judgment in a criminal cause during good behavior of the defendant (irrespective of the legal right of the court to make such entry) does not operate to prevent the judgment from being a *final* judgment.

**STATUTES:** Codification of Statute—Effect. Convictions obtained by the State under a statute which provides that, when a person is

once convicted of a named offense, an increased penalty shall be
imposed for subsequently committed offenses, are available to the
State on a subsequent conviction obtained under a duly enacted
*codification* of said statute.

Headnote 1: 33 C. J. p. 770. Headnote 2: 33 C. J. p. 770. Head-
note 3: 40 Cyc. pp. 2687, 2708. Headnote 4: 40 Cyc. p. 2418. Head-
note 5: 16 C. J. p. 799. Headnote 6: 40 Cyc. p. 2571. Headnote 7: 16
C. J. p. 1344. Headnote 8: 16 C J. p. 1341. Headnote 9: 16 C. J. p.
1341. Headnote 10: 16 C. J. p. 1341 (Anno.)

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD,
Judge.

JUNE 25, 1925.

OPINION ON REHEARING OCTOBER 2, 1925.

THE defendant was convicted of maintaining a liquor nui-
sance. The jury found specially that the defendant had twice
previously been convicted of a like offense. From a judgment
sentencing him to the penitentiary, the defendant appeals.—
*Affirmed.*

· *Carlos W. Goltz,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assist-
ant Attorney-general, for appellee.

VERMILION, J.—I. The appellant insists that the evidence
is insufficient to sustain the verdict, and that his motions, made
at the close of the State's evidence and at the close of all the
evidence, for a directed verdict of not guilty,
should have been sustained. The evidence is
uncontradicted that sales of intoxicating liquor
were made in a place of business; a combined pool hall, barber
shop, and drinking place, on October 23, 1924. The appellant
testified that he had been the proprietor of the business con-
ducted at the place prior to September 18, 1924, and that on
that day he had sold the business to one Guthrie for $2,500.
He introduced in evidence a bill of sale from himself to Guthrie,
covering the fixtures, furniture, and stock, purporting to have

1. INTOXICATING
LIQUORS: nui-
sance: evidence:
sufficiency.

been executed on that date, which recited a consideration of $2,500 and a mortgage of $1,100, which the purchaser assumed and agreed to pay. He also introduced the note of Guthrie to himself for $1,200, and a chattel mortgage upon the property covered by the bill of sale, securing the same, purporting to have been executed on September 18, 1924. The bill of sale and chattel mortgage were filed in the recorder's office on October 25, 1924. On October 26, 1924, a search of the place was made, and Guthrie, who was in charge of it at the time, was arrested. Appellant admitted that at that time he had the key to the building, and that Guthrie sent for him to procure the key to lock up the place. There was evidence from which the jury might have found that appellant attempted to pass the key to Guthrie secretly, and that it was only when this attempt was foiled by the officers that he delivered the key openly. Guthrie testified that after his arrest he "called the deal off," and that he did not then owe appellant anything, and that appellant had the papers, so far as he knew. Nothing was ever paid by Guthrie on the purchase. Appellant sought to explain his possession of the key to the building by the testimony of himself and Guthrie to the effect that, when he sold to Guthrie, he turned over a bunch of keys, including a key to his trunk, and that, on the day of the search, he had asked Guthrie for the trunk key, and the whole bunch was given him, and he had not yet returned it. There was testimony that Guthrie said, at the time of the search, that he was working for appellant, and that he would have to call him before he could lock up. This testimony, while not binding on appellant, was directly contradictory of Guthrie's testimony on the trial, that he was then the owner of the business. There was also testimony that, after September 18, 1924, appellant was seen in the place, working behind the bar. At the time of the alleged sale of the business to Guthrie, there were two indictments against appellant, charging him with the maintenance of a liquor nuisance; and on September 22d, he pleaded guilty to both of them. Whether appellant was the proprietor of the business, and had a guilty connection with the sales of intoxicating liquor in the building during the time covered by the present indictment, was a question of fact for the jury. Under all the circumstances shown in evidence, we

are of the opinion that the jury was warranted in finding that the alleged sale to Guthrie was a mere subterfuge, and that the verdict finds sufficient support in the evidence.

II.  Complaint is made that the court permitted witnesses to testify to the purchase of intoxicating liquor by the drink and by the bottle in the place, when appellant was not present.

2. INTOXICATING LIQUORS: nuisance: evidence: purchase of liquor in absence of accused.

There was no error here.  The State was required to establish the existence of the nuisance and appellant's guilty connection with it, but obviously was not required to show both things at the same time, or by the same witnesses.  The order of the introduction of the testimony was within the discretion of the trial court, and no abuse of discretion is shown.

III.  Error is assigned on the admission of Guthrie's statement made at the time of the search, that he was working for appellant.  The testimony was clearly admissible in impeach-

3. WITNESSES: impeachment: contradictory statements.

ment of Guthrie, and sufficient foundation was laid in his cross-examination for its admission. It is true, Guthrie was asked if he did not make the statement at that time to the officers in the presence of appellant, and the testimony on behalf of the State showed that the appellant was not present at the time.  But the State was not required to show that all the persons stated to be present in laying the foundation were there.  The attention of the witness was called to the time and place and the persons to whom the statement was claimed to have been made.  This was sufficient. *St. Peter v. Iowa Tel. Co.,* 151 Iowa 294; *Gibson v. Seney,* 138 Iowa 383.

The fact that appellant was not shown to have been present when the alleged statement was made did not affect the admissibility of the testimony, but merely its scope and effect.  If he was present, the testimony would have been admissible as substantive evidence against him; if he was not present, its only effect was by way of impeachment of Guthrie.  No instruction was asked by appellant in reference to the effect of the testimony, and error is not assigned on the failure of the court to instruct on the subject.

IV.  A witness was asked if liquor purporting to have come from the place in question was delivered to him, to be tested for

its alcoholic content. The liquor tested by the witness was suf-

4. WITNESSES: ex-
amination:
identification of
subject-matter.

ficiently identified as that bought at the place. There was no prejudicial error in the question.

V. The testimony of a witness offered by the State in rebuttal was objected to for the reason that he had not been before the grand jury. There was no objection that the testimony was not rebuttal. There was no error in overruling

5. CRIMINAL LAW:
trial: rebuttal
witnesses not be-
fore grand jury.

the objection. *State v. Whitnah,* 129 Iowa 211; *State v. Rivers,* 68 Iowa 611; *State v. Munchrath,* 78 Iowa 268.

VI. A witness for the State, a peace officer, who testified to purchasing liquor in the place in question, was asked on cross-examination about the number of places he visited that

6. WITNESSES:
credibility: al-
lowing witness
to explain con-
duct.

day and the amount of liquor he drank. On redirect examination, he was asked to explain why it was necessary for him to drink in the places he visited. Over a general objection that the question was incompetent, irrelevant, and immaterial, he answered. We think that, in view of the fact that it appeared that the witness was employed by the State to secure evidence of the sale of intoxicating liquors, and the character of the cross-examination, the question was not objectionable. The answer was at some length, and portions of it might have been vulnerable to a motion to strike; but none was made. No prejudicial error appears here.

VII. A motion was made to strike the answer of a witness that appellant "endeavored to slip" Guthrie the keys at the time of the search, on the ground that it was the conclusion of the witness. Another answer by the same witness in substantially the same words remained in the record unassailed. There was no prejudicial error here.

VIII. The indictment charged specifically that the appellant had previously entered pleas of guilty and been convicted on two separate indictments charging him with the maintenance

7. INTOXICATING
LIQUORS: nui-
sance: habitual
violator: evi-
dence.

of liquor nuisances. The judgments in the prior suits were admitted over objection, and this is assigned as error. Error is also assigned on the instructions to the jury and certain interrogatories submitted by the court to the jury, requiring a finding,

as to each of such cases, whether appellant entered a plea of guilty and was duly convicted. The interrogatories were answered in the affirmative. The records so introduced showed that in each of the prior cases appellant entered a plea of guilty; that judgment imposing a fine of $300 and costs was entered; and that, in default of payment, the appellant was committed to jail for a period of 90 days.

The objection goes to the proposition that in neither judgment was the amount of the appeal bond fixed by the court, and in one case execution of the judgment was suspended during good behavior of the defendant, and until further ordered by the court.

Section 1, of Chapter 21, Acts of the Fortieth General Assembly, is as follows:

"Any person who, having once been duly convicted or having entered a plea of guilty in a criminal action in any district court of this state for violation of any of the provisions of Chapter 6, Title XII of the Code and the laws amendatory thereof, and who shall hereafter be convicted or enter a plea of guilty for a subsequent offense against any of the provisions of said Chapter 6, Title XII of the Code and the laws amendatory thereof, shall be considered a persistent violator of such laws, and for the second violation of said laws shall be fined not less than $500 nor more than $1,000, or imprisoned in the county jail for not less than six months nor more than one year, or by both such fine and imprisonment; and for the third and each subsequent violation of said laws shall be imprisoned in the state penitentiary or state reformatory for not more than three years."

It is, of course, to be conceded that a statute imposing a more severe penalty for a second or subsequent conviction is, like other criminal statutes, to be strictly construed. *Rohlf v. Kasemeier,* 140 Iowa 182. Our statute differs from any others to which our attention has been called, however, in that it provides that any person who has once been duly convicted or has entered a plea of guilty for a violation of the chapter of the Code prohibiting traffic in intoxicating liquors, and who shall thereafter be convicted for a subsequent violation of the chapter, shall receive the severer penalty provided for. Whether this would authorize the infliction of the increased penalty

where the defendant had entered a plea of guilty to the prior charge, but no judgment had been pronounced at all, we are not required to determine; for we are of the opinion that there was, as shown by the records introduced, not only a plea of guilty to the prior indictments, but a final judgment in each of the cases.

The failure of the court to fix the amount of the bond upon appeal affected neither the validity nor the finality of the judgment entered. The defendant was not thereby deprived of the

8. CRIMINAL LAW: judgment: failure to fix appeal bond: effect.

right of appeal; and upon an attempt to enforce the judgment by his imprisonment, he would not have been entitled to a discharge on habeas corpus, but his only remedy would have been an application, by habeas corpus or otherwise, to have the amount of the bond fixed. *Murphy v. McMillan,* 59 Iowa 515; *Jacoby v. Waddell,* 61 Iowa 247.

Authorities are cited to the effect that a verdict of guilty upon which no judgment has been pronounced, or where sentence or judgment has been suspended, does not meet the requirement of a statute providing for a more

9. CRIMINAL LAW: judgment: suspension during good behavior: effect.

severe punishment where the defendant has previously been convicted. *People v. Fabian,* 192 N. Y. 443 (85 N. E. 672, 18 L. R. A. [N. S.] 684); 16 Corpus Juris 1341. Cases so holding are not in point. Aside from the wording of our statute, making one who has previously entered a plea of guilty and is thereafter convicted for a subsequent offense amenable to the increased penalty, there was a final judgment in the case where the execution of the judgment was suspended during good behavior. Sentence or judgment was not suspended in the sense that it was not imposed or pronounced, but the order purported to do no more than suspend the execution of the judgment during good behavior of the defendant. Without expressing any opinion as to the power or authority of the court to make such an order without complying with Sections 3800 and 3801, Code of 1924, we think that the order did not operate to prevent the judgment on which execution was so ordered suspended, from being final. It appears that, after the conviction in the present case, the order was revoked by the lower court, and the former judgment ordered enforced.

Thereupon, the defendant attempted to prosecute an appeal from the former judgment. The appeal was dismissed in this court because not taken within such time after the entry of the judgment as required by statute. Section 1 of Chapter 222, Acts of the Fortieth General Assembly (Section 13995, Code of 1924). The judgments relied upon as prior convictions were not pending on appeal at the time the acts here relied upon for a conviction were committed, or at any subsequent stage of the proceedings. Cases where a motion for a new trial or an appeal is pending in the former action do not present the same question.

In *Brittian v. State,* 85 Tex. Cr. 491 (214 S. W. 351), cited by appellant, the statute provided for a suspension of sentence by the jury, and that in such case neither the verdict nor the judgment should be final, except upon certain specified conditions. *Ex parte Coots,* 85 Tex. Cr. 334 (212 S. W. 173). In *United States v. Lindquist,* 285 Fed. 447, it was held merely that the second offense must be committed after conviction for the first.

At the time of the commission of the acts constituting the crime charged, the above quoted section of the Acts of the Fortieth General Assembly was in force; but, at the time the indictment was returned, on November 14, 1924, the Code of 1924 was in force. Section 1964 of the Code of 1924, aside from some slight changes in phraseology, is the same as the prior statute. There is no change in meaning and no change in the definition of the essential elements of a second or third violation, after previous conviction or convictions, of the statutes relating to the traffic in intoxicating liquors. No new offense was created, and no change was made in the punishment or in the circumstances which would authorize or require the infliction of the increased punishment for a second or subsequent conviction, and it is clearly not necessary to give effect *ex post facto* to the Code of 1924, to sustain the conviction of appellant for an act that was a crime under both statutes, and his subjection to the increased punishment provided for by both statutes under the same circumstances. *State v. Reyelts,* 74 Iowa 499. A mere change in phraseology in the revision of a statute will not work a change in the law, unless it appears that such was the legislative intent.

10. STATUTES:
    codification of
    statute: effect.

*Minneapolis & St. L. R. Co. v. Cedar Rapids, G. & N. W. Co.,* 114 Iowa 502; *Eastwood v. Crane,* 125 Iowa 707.

There was no error in admitting in evidence the record of the prior convictions, or in the instructions on the subject, or in requiring of the jury the special findings.

Other errors assigned, where not disposed of by what has been said, are so clearly without merit as to require no discussion. The record has been carefully examined, and no prejudicial error found.

The judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.