PETER A. PETERSON et al., Plaintiffs, Appellants, v. RHODA A. YOUNKER et al., Defendants, Appellants; FRED W. RADTKE et al., Referees, Appellees.

No. 42682.

DECEMBER 4, 1934.

Tamisiea & Tamisiea, S. R. De Cou, and Walter I. Wolfe, for appellants.

Wright & Baldwin, George S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellees.

CLAUSSEN, J.—The case comes before us in a peculiar way. We shall state only such facts as are essential to an understanding of matters discussed herein.

A petition was filed in equity to partition several tracts of land between plaintiffs and defendants. Appellees Radtke, Stern, and one M. A. Humphrey, now deceased, were appointed referees to partition the land. Such tracts of land were not susceptible to physical division and could only be partitioned through sale. One of the tracts of land was sold and the other tracts of land were leased. The referees received $7,000 for the tract of land that was sold. All proceedings in relation to the sale of this tract appear to have been regular, the sale and conveyance were approved, and on April 19, 1930, the referees were ordered to distribute the proceeds of the sale in accordance with the interests of the parties as fixed by the decree in the suit. No part of the money was distributed.

For the purpose of this discussion it is sufficient to say that the funds received by the referees in payment of the land as well as money coming in as rent were deposited in the Logan Trust & Savings Bank. The Logan Trust & Savings Bank failed and a receiver was appointed for it in January, 1931. At the time the bank closed the referees had on deposit in such bank a sum slightly in excess of $7,000.

Appellee-referee Radtke was cashier of the closed bank and was such at the time of his appointment. He had been cashier of the bank for several years and was its active managing officer. M. A. Humphrey was president of the bank. He was a dentist, and the record indicates that he gave little attention to the affairs of the bank and knew little, if anything, of its condition. The third appellee-referee, Stern, was not associated in the bank.

It appears that upon the death of M. A. Humphrey, appellee Mary A. Humphrey was appointed in his stead.

Some time after the closing of the bank, the referees filed a report. The part of the report which is pertinent is a proposition made by the referees that they be directed to assign their claim against the receiver of the bank to the distributee-owners of the land being partitioned.

Objections were filed to this report. The pertinent part of the objections is bottomed on the thought that the referees were negligent in not distributing the $7,000 received from the sale of the tract of land when ordered by the court and in permitting the money to remain on deposit in the insolvent bank.

The matter that comes before us arises on a hearing on the objections, and not on a hearing on the report of the referees. The order appealed from overruled the objections but makes no reference to the final report.

It is first contended by appellees that the order appealed from is not a final order and consequently is not appealable. It is suggested that any error in the court's order on the objections would inhere in the order on the report. These contentions are not without merit. Still it appears to us that the final disposition of the matters involved would be very materially expedited by a determination of the question presented by the appeal.

We have reached the conclusion that the objections should not have been overruled in toto as to all objectors.

■ The position of the referees has two phases. In the first place it is said that the shares of some of the owners were incumbered by liens and garnishments. In this way the referees attempt to justify their retention of the proceeds of the sale notwithstanding the order incorporated in the entry approving the sale that the proceeds be distributed. Some of the shares were thus incumbered. But as to those whose shares were not so involved the referees cannot thus justify their failure to disburse the fund.

■ It is next contended that the referees are not insurers of the safety of the funds. They concede and contend that their position in relation to safeguarding the funds is the same as that of an administrator of an estate. Upon the authority of In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35, and similar cases, they contend that they were not negligent in depositing the money in the bank and permitting it to remain there as they did.

Unfortunately the situation before us is more complicated than the ones in the cases relied on. One of the referees was the cashier and active executive of the bank. Another was president of the bank. Applying the rules announced by this court in In re Rorick's Estate, 218 Iowa 107, 253 N. W. 916, and In re Enfield's Estate, 217 Iowa 273, 251 N. W. 637, to the fact situation in this matter, it is very doubtful whether either of said referees could justify the retention of the money in the bank. The showing in relation to the condition of the bank is fragmentary. Still it reveals the failing condition extending over considerable time, which characterizes the records in cases of this kind. In a sense funds such as these were pawns which were played into the banks in which the referees and administrators were officers or otherwise interested. The conclusion cannot be escaped that in many instances greater fealty was displayed toward the bank than toward their trust. The control over the trust funds carried with it certain advantages. It also carried with it certain responsibilities. The record suggests that if the referees had used the care and caution of reasonably prudent persons in connection with the knowledge which they had, and with which they were charged, they would not have permitted the funds to remain in the bank.

■ The foregoing is said in relation to the record before us. It is in no sense decisive of the ultimate disposition to be made of the report of the referees. The disposition of the report will depend on the record made when the report comes on for hearing. It

is evident, however, from what has been said that the order over-ruling the objections to the report must be reversed. This does not mean that the objections are sustained. The report and the objections thereto will no doubt be brought on for hearing some day. The report, after all, is the thing that is before the court. Notwithstanding the hearing upon the objections and the subsequent appeal, said report and all objections filed thereto including the ones under consideration herein will stand for hearing and disposition on the record then made. .

Reversed and remanded, with directions.

STEVENS, ANDERSON, KINTZINGER, DONEGAN, and ALBERT, JJ., concur.