RALPH A. HOWELL, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

## No. 50062.

(Reported in 103 N.W.2d 94)

1320

AUGUST 2, 1960.

REHEARING DENIED SEPTEMBER 23, 1960.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■

Ralph A. Howell, pro se.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Theodor W. Rehmann, Jr., Assistant Attorney General, for appellee.

THORNTON, J.—Petitioner, confined in the penitentiary at Fort Madison, filed his petition for writ of habeas corpus to test the legality of his imprisonment. The trial court denied relief because the petition showed on its face petitioner was not entitled to relief. We agree.

■■■ I. Petitioner was convicted by a jury in Scott County and on March 14, 1955, sentenced to the state penitentiary at Fort Madison, Iowa, for a period not to exceed 25 years as provided by section 704.1, Code of Iowa, 1954, and to pay the costs of prosecution. The trial judge in Scott County did not fix the bond on appeal as provided in section 789.19, Code of Iowa, 1954. This of course was error. Section 789.19 is as follows:

"Allowance of bail upon appeal. In all cases, except murder in the first degree and treason, the court rendering judgment must make an order fixing the amount in which bail must be taken, and there shall be no execution of the judgment until such order is made."

Petitioner's contention is his imprisonment is illegal because no execution of the judgment could be had under section 789.19 until the order fixing bail is made. We decided this adversely to his contention in State v. Olson, 200 Iowa 660, 667, 204 N.W. 278, 280, in 1925. We said there:

██ "The failure of the court to fix the amount of the bond upon appeal affected neither the validity nor the finality of the judgment entered. The defendant was not thereby deprived of the right of appeal; and upon an attempt to enforce the judgment by his imprisonment, he would not have been entitled to a discharge on habeas corpus, but his only remedy would have been an application, by habeas corpus or otherwise, to have the amount of the bond fixed. Murphy v. McMillan, 59 Iowa 515 [13 N.W. 654]; Jacoby v. Waddell, 61 Iowa 247 [16 N.W. 119]."

██ Petitioner misconstrues the purpose of section 789.19. The purpose is to assure a defendant his liberty on appeal in all cases but those excepted. He could have had the bond on appeal fixed at the time. The constitutional question of due process is not reached. The failure of the trial court to fix the bond on appeal did not deprive petitioner of his right to appeal. For the purpose of showing such right was not denied we take judicial notice of our own records. In case No. 48789 of this court, we affirmed petitioner's conviction in the Scott District Court. See State v. Howell, 72 N.W.2d 520 (Iowa, 1955).

██ II. There is apparent need for us to again point out the effect of subsection 4 of section 663.1, Code of Iowa, 1958. This subsection, setting out the required contents of a petition in habeas corpus, provides:

"4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant."

Petitioner alleges in his petition: "* * * no application for the relief sought has been made to or refused by any State court, officer or officers superior to the one to whom this petition is presented in regard to the new grounds presented herein."

Obviously this allegation does not comply with subsection 4 of section 663.1.

██ We have pointed out in Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767, and Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94, a judgment in a habeas corpus proceedings is res adjudicata as to all grounds in existence at the time the petition is filed. If new grounds are to be presented, a change of status must be alleged showing the imprisonment is now illegal and a copy of

the former petition attached as provided in subsection 5 of section 663.1.

 We again take judicial notice of our own records which show this petitioner appealed to us a denial of a writ of habeas corpus on December 10, 1958, which appeal was dismissed on motion of the Attorney General February 10, 1959. The basis for the present petition has been in existence since March 14, 1955.

It follows the order of the trial court must be and is hereby affirmed.—Affirmed.

LARSON, C. J., and GARFIELD, HAYS, THOMPSON, PETERSON, and GARRETT, JJ., concur.

OLIVER, J., not sitting.