SYLVESTER WILSON, appellant, v. JOHN E. BENNETT, warden,
Iowa State Penitentiary, appellee.

No. 50135.

(Reported in 107 N.W.2d 435)

FEBRUARY 8, 1961.

Sylvester Wilson, appellant, pro se.

Norman A. Erbe, Attorney General, Marion R. Neely and
George E. Wright, Assistant Attorneys General, for appellee.

THORNTON, J.—The question presented is now moot.

Petitioner was convicted, on a plea of guilty, of a violation
of The Uniform Narcotic Drug Act (second offense) as defined
in chapter 204, Code of Iowa, 1954, on the 11th of July, 1957,
in the Polk District Court. He was sentenced to serve not less
than five years nor more than ten years in the State Peniten-
tiary.

On May 28, 1960, after our decision in Masteller v. Board
of Control of State Institutions, 251 Iowa 234, 100 N.W.2d 111,
petitioner filed his petition for a writ of habeas corpus alleging
his sentence of not less than five years or more than ten years

is an indeterminate sentence and inapplicable to violations for which penalties are provided in section 204.22 and when such a sentence is erroneously imposed no more than the minimum term is valid. He also alleges that, deducting allowance earned for diminution of sentence, his lawful term of five years had expired on May 26, 1960, and that further imprisonment is illegal and contrary to the due process and equal protection of the laws clause of United States Constitution, Amendment 14, section 1.

The trial court upon examination of the petition denied a hearing and ordered the petitioner returned to the Polk District Court for correction of his sentence. On June 11, 1960, petitioner was so returned and resentenced by the Polk District Court for a term of eight years made retroactive to the date of the original date of sentence, July 11, 1957. This resentencing has been appealed to us, Case No. 50148, State v. Wilson, on a clerk's transcript, and affirmed November 15, 1960, and now appears in 105 N.W.2d 926. The facts stated in this paragraph, except the citation, appear of record in this court in said Case No. 50148 and we take judicial notice thereof. Howell v. Bennett, 251 Iowa 1319, 103 N.W.2d 94.

The order of the trial court is correct.

The appellant was convicted in a court of competent jurisdiction. The irregularity or error, which could have been corrected on appeal, appeared in the sentence. The appellant is only entitled to a proper sentence, not that the conviction be set aside or a lesser sentence.

Section 663.38, Code of Iowa, 1958, provides in habeas corpus proceedings: "Although the commitment of the plaintiff may have been irregular, if the court or judge is satisfied from the evidence that he ought to be held to bail, or committed, either for the offense charged or any other, the order may be made accordingly." Cummings v. Lainson, 239 Iowa 1193, 33 N.W.2d 395; and State v. Davis, 29 N.W.2d 416 (Iowa, 1947).

Appellant's motion to strike the appellee's brief and argument, ordered submitted herewith, is overruled.—Affirmed.

All JUSTICES concur except BLISS and SNELL, JJ., who take no part.