CARL H. HARMS, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, Fort Madison, appellee.

No. 51249.

(Reported in 130 N.W.2d 734)

Carl H. Harms, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

GARFIELD, C. J.—On February 14, 1964, plaintiff, a prisoner in the state penitentiary, applied to the district court for a writ of habeas corpus. The court denied it on the ground a previous petition filed by plaintiff in the same court on August 22, 1963, raised the same question subsequently raised, a hearing was had on the earlier petition, the court then found plaintiff had effectively waived his right to an attorney and the writ should be denied, plaintiff appealed that decision to this court where the appeal was dismissed, the same question was thus previously determined against plaintiff.

The application filed February 14 alleges defendant Bennett is the warden of the penitentiary and restrains plaintiff under a judgment of the Clinton District Court of August 20, 1952, finding plaintiff guilty of the crime of robbery with aggravation in violation of section 711.2, Code, 1950 (and subsequent Codes), upon his plea of guilty and sentencing him to an indeterminate term not exceeding 25 years. The application also alleges plaintiff had no counsel at the time nor did he knowingly waive his rights thereto.

Plaintiff's application states it is based on Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733, and two decisions which follow it. The application also refers to plaintiff's previous attempt to be released on habeas corpus by petition filed August 22, 1963, the denial thereof, his appeal to this court and dismissal of the appeal because "through ignorance of law and procedure" he "filed an incomplete appeal in the time allotted by law."

Section 663.1, subsections 4 and 5, Code, 1962, provides in pertinent part: "The petition for the writ of habeas corpus must state: * * * 4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant.

"5. Whether application for the writ has been before made to and refused by any court or judge, and if so, a copy of the petition in that case must be attached, with the reasons for the refusal, or satisfactory reasons given for the failure to do so."

The application or petition filed in February 1964 does not comply with the quoted provision. In fact it discloses the legality of plaintiff's imprisonment has previously been adjudged in the prior habeas corpus proceedings. No change of status is alleged or claimed. The facts on which the present petition is based existed before the previous one was filed. This is fatal to plaintiff's right to relief in habeas corpus.

Streit v. Bennett, 256 Iowa 1010, 1012, 1013, 129 N.W.2d 753, 754, and the decisions there cited determine the present appeal. There the same trial court denied plaintiff's petition in habeas corpus because it showed on its face the question whether he had effectively waived appointment of counsel had previously been adjudged against him in a prior habeas corpus action. After quoting section 663.1(4) the Streit opinion proceeds:

"We have consistently held this section is not meaningless. If the legality of the imprisonment has already been adjudged upon a prior proceeding of the same character it is conclusive of the proceeding. Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216; Alberts v. Lainson, 250 Iowa 748, 751, 94 N.W.2d 94, 96; Lint v. Bennett, 251 Iowa 1193, 1199, 104 N.W.2d 564, 568.

"In plaintiff's second case, Streit v. Lainson, 250 Iowa 336, 338, 93 N.W.2d 767, 768, we said: 'A second application for a writ of habeas corpus alleging substantially the same facts as were set forth in a previous petition, which was heard and denied, is properly refused. * * * An order or judgment in a habeas corpus case, under our statute, is res adjudicata when the identical question, with no change of status, is again presented to the same or another tribunal.'

"The holding in Gideon v. Wainwright, supra, in no way creates any change of status as claimed by plaintiff.

"The trial court properly denied the writ. See section 663.6, Code, 1962. The same issues had been raised in the previous petitions. The petition here showed on its face the petitioner was not entitled to any relief."

To like effect are Newlon v. Bennett, 253 Iowa 555, 557, 112 N.W.2d 884, 885 (certiorari denied 369 U. S. 658, 82 S. Ct. 1037, 8 L. Ed.2d 274), and Howell v. Bennett, 251 Iowa 1319, 103 N.W.2d 94. In the Newlon case, after quoting section 663.1(4), we state:

"We have interpreted 'prior proceeding of the same character' as there used to include all the grounds for attacking the legality of the imprisonment that existed at the time the petition is filed. [citations] And the same authorities hold this is conclusive against an effort to relitigate the issues previously alleged or in existence at the time of the prior proceedings."

If it were to be assumed, without so holding, that the decision in Gideon v. Wainwright, supra, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733, gave plaintiff a right to petition in habeas corpus which did not previously exist, this would not aid him. The Gideon decision was handed down more than five months before plaintiff's previous petition was filed and was evidently then relied upon.

We may add it was proper for the trial court to take judicial notice of its records in the prior habeas corpus proceeding. Howell v. Bennett, supra, 251 Iowa 1319, 1321, 1322, 103 N.W.2d 94, 96; Wilson v. Bennett, 252 Iowa 601, 602, 107 N.W.2d 435, 436. However, in view of the contents of the second

petition regarding the prior action, it was unnecessary to refer to the records.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.