Wendell D. JOHNSON, Appellant,

v.

Marylu JOHNSON et al., Appellees.

No. 54374.

Supreme Court of Iowa.

June 17, 1971.

Davidson & Hemphill, Clarinda, for appellant.

Peters, Walker, Campbell & Pearson, Council Bluffs, for appellees.

BECKER, Justice.

In this partition action the trial court ordered disposition of part of the proceeds, imposed a trust of $12,000 of the proceeds due plaintiff, withheld distribution of part of plaintiff's proceeds, and continued duties of the referees as to certain matters. Parts of the order of distribution are challenged by plaintiff by this appeal. We affirm in part, reverse in part and remand for further proceedings.

The principal protagonists were once husband and wife. They were divorced by a separate action which preceded this partition action. The divorce decree provided for division of the properties then owned by the parties. Included in the properties so divided were the farm which was the subject matter of this action and certain real estate in Missouri. The farm was awarded 60 percent to plaintiff and 40 percent to defendant. Defendant was awarded full ownership of the Missouri property.

Plaintiff instituted the present partition action to accomplish the sale of the farm and realize his 60 percent equity therein. The decree of partition was entered, the farm sold, lienholders of record recognized, and order approving procedures to that point was entered without objection. This action left about $40,000 available for distribution to plaintiff and $30,000 to be distributed to defendant.

Thereupon defendant filed an application to impose a trust on a part of plaintiff's proceeds. She alleged plaintiff refused to sign a quitclaim deed to the Missouri property to her, she has been forced to start a quiet title action in Missouri based on the Iowa divorce decree, plaintiff herein has hired attorneys in Missouri to contest that action and the outcome of the Missouri litigation is still in doubt.

Defendant's application for imposition of a trust further alleged that the Missouri property was valued at $21,000 for purposes of an equitable distribution of the marital properties in the Iowa divorce action, it was the intent and purpose of the award to provide defendant herein with a $21,000 property and a trust should be imposed on plaintiff's proceeds for a like sum pending the outcome of the Missouri litigation.

Plaintiff filed a special appearance challenging the court's jurisdiction because the decree of partition is final, the application constitutes a new action based on matters not germane to the partition action, the application is based on a divorce decree which is final and unmodified, no notice was served to institute this new action and the court has jurisdiction of neither the persons nor the subject matter of the application.

The court set both the application and the special appearance for hearing on Feb-

ruary 28, 1970. It overruled the special appearance and acted on the application. It imposed a $12,000 trust on plaintiff's share of the proceeds, ordered the funds invested in government obligations or equivalent, ordered plaintiff to quitclaim the Missouri property to defendant and added: " * * * then in that event the Trust herein imposed shall be terminated and the Referees are permitted to distribute the proceeds from the sale of said farm as the interests of the parties shall appear."

After the order overruling the special appearance and allowing the trust was entered, plaintiff filed a "Motion for New Trial, To Re-examine the Overruling of the Special Appearance." This motion was subsequently also overruled but not until after an order approving the amended and substituted final report of the referees was entered. The order of the referees' final report provided for:

1. Sequestration of the $12,000 trust fund.

2. Payment of $9258.98 to the Iowa State Bank, Hamburg, Iowa, to be charged against plaintiff's share of the sale proceeds.

3. Partial distribution of $6000 to plaintiff.

4. Partial distribution to defendant of $27,926.50.

5. Sequestration of $5463.55 to provide for a separate lawsuit by a tenant against the referees. (This lawsuit was subsequently dismissed and the funds distributed to the satisfaction of all parties).

6. Reduction of referees' bond to $6000.

Plaintiff filed notice of appeal. Defendant filed motion to dismiss appeal on grounds the foregoing order was not a final order. For reasons of convenience this motion will be dealt with in the latter portion of the opinion.

I. Plaintiff's first proposition for reversal reads: "The Court was in error when it imposed a trust upon proceeds of sale in a partition action." The record to preserve this claimed error was made at the trial level by filing the special appearance and motion for new trial. The special appearance was ineffective on both procedural and substantive grounds. Procedurally the special appearance was inappropriate because plaintiff had already appeared generally by starting the lawsuit and filing a petition. Under such circumstances rule 66, Rules of Civil Procedure, does not apply: "A defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court, but only before his general appearance. * * * If his special appearance is erroneously overruled, he may plead to the merits or proceed to trial without waiving such error." Of course the jurisdictional points, except for want of jurisdiction of the parties, could have been preserved by answer under rule 103, R.C.P. or motion to dismiss under rule 104, R.C.P.

From the standpoint of substantive law we are satisfied the court had jurisdiction of both the parties and the subject matter. The parties were already in court. The application was concerned with the same subject matter; i.e., the title and devolution of title of the property in question. In Bauer v. Bauer, 221 Iowa 782, 787, 266 N.W. 531, 534 (1936), we said:

"In the partition case wherein all the parties are before the court, the court of equity has jurisdiction to adjudicate all matters and the rights of the respective parties. Kramer v. Hofmann, 218 Iowa 1269, 257 N.W. 361; Creger v. Fenimore, 216 Iowa 273, 249 N.W. 147."

Freeman on Cotenancy and Partition, Second Edition, § 505, states:

"All equities may be considered and adjusted.—When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and

arising out of their relation to the property to be divided. 'He who seeks equity must do equity.' Hence whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction, and concedes its authority to compel him to deal equitably with his cotenants. As the equities of the cotenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition not complicated by any special equities between the cotenants."

Cf. Hausen v. Dahlquist, 232 Iowa 100, 5 N.W.2d 321, 141 A.L.R. 1304.

Plaintiff was entitled to plead or defend after his special appearance was overruled. Rule 85(a), R.C.P. He did not ask for time to plead or offer to contest the matter by further action and does not raise the question here.

◾ The referees filed their amended and substituted final report and application for discharge with appointment of trustee on March 28, 1970, twenty-three days after plaintiff's special appearance was overruled. This report included a notation of investment of $12,000 in a certificate of deposit to be held pending further order of court in connection with the trust. No objection was made to the report. Under rule 66, R.C.P., plaintiff could have contested the matter without prejudice to his rights relative to the special appearance.

We hold the court had jurisdiction to act on the trust matter. The application was not challenged on the merits. On the record before it the court did not err in providing for the trust. It follows that the request to reconsider the trust ruling (improperly denominated a motion for a new trial) was properly overruled.

II. Plaintiff's second proposition for reversal concerns the trial court's failure to order distribution of all funds belonging to plaintiff to which he was entitled.

This is another challenge to parts of the court's order on the referees' final report. However, it is to be viewed in an entirely different light and comprises two different complaints. We conclude both are justified.

◾ The order to pay $9258.98 to the Iowa State Bank, Hamburg, Iowa, simply has no basis whatsoever in the record. The bank was not a party, is not shown to have had a lien on any proceeds and is not mentioned in any pleadings. There was no reference to the matter in any of the referees' reports. There is no showing of any consent by plaintiff. No evidence was taken.

Plaintiff's failure to object to the final report cannot prejudice him as to this assignment. Objections to the final report would avail nothing because the matter was not mentioned. In Skemp v. Olansky, 249 Iowa 1, 6, 85 N.W.2d 580, 583 (1957), we said:

"* * * It is true that even though the special relief prayed for in an action in equity is not supported by the evidence, a request for general equitable relief may often justify the court in awarding other relief, and that such a request is generally to be granted liberally. But the rule is not without limitations. 19 Am.Jur., Equity, Sec. 227, pp. 181, 182; 30 C.J.S. Equity, § 607, pp. 1003, 1004; Paintin v. Paintin, 241 Iowa 411, 413–415, 41 N.W.2d 27, 16 A.L.R.2d 659, and cases cited. The relief granted under the general prayer must be consistent with the case made by the pleadings and must be such as will not surprise the defendant. He must have an opportunity to defend against whatever relief may be granted against him; it will not be granted if there is nothing in the prayer of the bill or in the facts asserted in the pleadings which fairly ap-

prizes him that such relief is asked or may be granted against him. Fairness in the trial of the case demands that much."

Cf. Paintin v. Paintin, 241 Iowa 411, 41 N.W.2d 27, 16 A.L.R.2d 659 (1950); Alcorn v. Linke, 257 Iowa 630, 133 N.W.2d 89 (1965); Hanson v. Lassek, 154 N.W.2d 871 (Iowa 1967).

The court acted illegally when it ordered payment to the bank. The order directing a $9258.98 payment to the Iowa State Bank, Hamburg, Iowa is reversed.

III. Plaintiff's second complaint in this division must also be sustained. The referees' final report contains the following:

"Your referees further report to the Court that there are certain claims made by third parties and that between the parties themselves relative to the funds remaining for distribution. Because your referees have previously represented the parties in Case No. 20226, and because of their position as referees in this case, they are unable to reconcile and settle the claims of the said third parties and as between the parties themselves and therefore a Trustee should be appointed to act as custodian of the funds remaining for distribution whereupon your referees should be discharged and their bond exonerated."

Based on this allegation the court sequestered $5463.55 to meet litigation by a tenant against the referees. This case was subsequently dismissed. The funds were then distributed 60–40 percent to the parties and there is no complaint as to that matter.

The court further found:

"There is on file before this Court by Marylu Johnson an application for the imposition of a trust in connection with future child support and alimony pursuant to a decree of divorce entered in Case No. 20226 in the Office of the Clerk of the District Court of Fremont County, Iowa, entitled 'Marylu Johnson, Plaintiff, versus Wendell D. Johnson, Defendant,' and also an application by the said Marylu Johnson for a money judgment for the alleged failure of the Defendant, Wendell D. Johnson, to return to her certain furniture awarded to her in the Decree. This matter has not been heard or determined by the Court this date, but because it is pending certain of the funds in the hands of the Referees, which may be distributable to the Plaintiff herein, must be retained by them pending the Court's determination of that application; however, there are certain funds in the hands of the Referees, and therefore those funds may be distributed at this time."

The decretal part of the order then provided for $6000 distribution to plaintiff and $27,926.50 to defendant. The net effect of this was to give defendant all of her net 40 percent but to arbitrarily withhold $9537.18 of plaintiff's 60 percent. This, of course, is in addition to the $12,-000 trust withheld and $9258.98 improperly paid to the bank. The only justification in the record for such action is paragraph 4 of the referees' report where reference is made to "claims as between the parties". This was wholly insufficient as a predicate for the arbitrary withholding of over $9500.

■ The court apparently took judicial notice of the divorce proceedings in the same court between the same parties and in effect attached the $9500 without benefit of auxiliary proceedings. This too was beyond the jurisdiction of the court. First, there was insufficient indication in the pleadings or reports as to how much additional, if any, of plaintiff's share was to be held up and sequestered. Second, the trial court cannot take judicial notice of proceedings in a related but wholly different case. Hawkeye-Security Insurance Co. v. Ford Motor Co., 174 N.W.2d 672, 684 (Iowa 1970). The only exception to this rule seems to be in habeas corpus proceedings involving criminal matters. Harms v. Bennett, 256 Iowa 1320, 1323, 130 N.W.2d

734 (1964). The necessity for such a rule is indicated here. In this de novo review we have no way of knowing what has transpired in the divorce case. We cannot pass judgment on facts or factors known to the trial court but absent the record.

If defendant wished to inject the divorce action into the record or to avail herself of either attachment or garnishment proceeding, she was free to do so at the proper time. Hopping v. Hopping, 233 Iowa 993, 1004, 10 N.W.2d 87 (1943). The trial court could not take such action without notice on its own motion. Plaintiff was entitled to all of his unencumbered net share. Cf. Peterson v. Younker, 219 Iowa 32, 257 N.W. 442; Swift v. Flynn, 145 Iowa 630, 634, 124 N.W. 626 (1910). The withholding of $9537.18 of plaintiff's funds, while paying defendant, in full, was unwarranted and must be reversed.

■ IV. Plaintiff also complains of the bond reduction to $6000. This can be corrected on remand. While there was need to reduce the bond from the large amount required by the $90,000 sale, the reduction was well below the amount left in the referees' hands. The result was an inadequate bond. The point needs no further comment.

V. Defendant's motion to dismiss has occasioned us real difficulty. The complexities and perplexities generated by determination of what is a "final order" and what is merely "interlocutory" are considered at length in the comment on rule 331, R.C.P., found at 5 Iowa Rules of Civil Procedure Annotated, pages 2 to 6.

■ The same case can and often does contain more than one final order. Iowa Public Service Co. v. Sioux City, 254 Iowa 22, 28, 116 N.W.2d 466, 469, states:

" 'Therefore, there may be and often are * * * two final decrees in the same cause, the one settling the substantial merits of the case, and the other based upon further necessary proceedings, from each of which an appeal will lie.' 4 C.J.S. Appeal and Error (1957) § 101, page 283."

Thus in the instant partition action a decree confirming shares allowed is final and appealable, Enslow v. Miner, 228 Iowa 1117, 293 N.W. 516. Yet at least one more final decree—of distribution—is obviously contemplated. The situation also may occur within the same order. Thus there are many exceptions to the general rule that an order is not final for appellate purposes unless it terminates the litigation and settles all of the issues as between the parties. Reuter v. City of Oskaloosa, 253 Iowa 768, 772, 113 N.W.2d 716. Finality as to particular parties or as to particular issues gives us a narrower test: i.e., a final order is a determination which puts "it beyond the power of the court which made it to place the parties in their original positions". Crowe v. De Soto Consolidated School Dist., 246 Iowa 38, 40, 66 N.W.2d 859, 860 (1954). In this case the order to pay a large part of plaintiff's funds to the bank would put the payment beyond the power of the court to restore the parties to their original position (at least absent a new lawsuit). Criswell v. Criswell, 235 Iowa 18, 16 N.W.2d 4. We therefore regard that portion of the order as final and appealable as a matter of right.

The above conclusion is bolstered by two quotations from 4 C.J.S. Appeal and Error § 126, pp. 396, 397:

"A judgment, order, or decree finally directing the payment of money is generally held to be appealable, even though such order is a mere interlocutory one, made in the trial of the cause; and in some states there is an express statutory provision to this effect. To come within the rule, however, there must be a final adjudication or direction of payment, and not a mere allowance leaving payment thereof to be subsequently ordered or decreed, or a mere judgment or decree for an accounting and payment of the balance that may be found due. * * *

"*From fund in court.* An appeal will generally lie from an order or decree finally directing payment of money from a fund ·in court, but it is otherwise where the order or decree does not finally direct payment. Similarly, an order merely changing the custody of a fund from a clerk of the court to a receiver, or from a clerk to a trustee in bankruptcy, is not appealable. * ' * * "

These principles are consistent with the notion that a decree is final when the court puts the matter beyond its power of correction. On this basis the order distributing plaintiff's funds to the bank is final but the order creating a trust and failure to distribute all funds due plaintiff might well be said to be interlocutory. We need not decide that matter. Plaintiff is properly here on the one issue. This court has the right, in the interest of judicial economy, to examine other issues raised along with the narrow issue from which appeal of right was taken. Here the other issues raised are so closely attuned to the issue finally . determined that we concluded all should be decided in this appeal.

What was said in Iowa Public Service Co. v. Sioux City, 254 Iowa 22, 28, 116 N. W.2d 466, 469 is relevant.

"Our conclusion finds support from the spirit if not the letter of part of rule 331(b), Rules of Civil Procedure: 'On appeal from the final judgment, there may be assigned as error such interlocutory ruling or decision * * * from which no appeal has been taken, where such ruling [or] decision * * * is shown to have substantially affected the rights of the complaining party.' (Since this appeal will be triable de novo, 'propositions relied on,' rather than 'errors,' should be stated in appellant's brief, R. C.P. 344(a) (3)."

■ We do not hold that existence of a separable final order would give a party leave to appeal all other issues, whether interlocutory or not, as a matter of right. We simply hold that where, as here, we have acquired jurisdiction of part of the subject matter of an order by appeal from a final order, we may also consider other matters urged by the parties where justice and judicial efficiency require such action. We have done so here. This case must be remanded for further proceedings consistent with this decree.

*Affirmed in part, reversed in part and remanded.*

All Justices concur, except RAWLINGS, J., who dissents, and REYNOLDSON, J., who takes no part.