TERRY *v.* STATE.

(Division B.   April 8, 1935.)

[160 So. 574.   No. 31620.]

W. M. Lofton, of Mendenhall, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was charged and convicted in the court of a justice of the peace of Simpson county of the crime of operating a motor vehicle while drunk and fined one hundred dollars. From that judgment he appealed to the circuit court, where there was a trial de novo, resulting in a verdict and judgment of guilty and a fine of one hundred dollars. From that judgment he appeals to this court.

The statute under which the prosecution and conviction was had is section 5579, Code of 1930, which follows: "No person shall operate or attempt to operate a motor vehicle while such person is in a state of intoxication, or is in other respects incapable of properly and safely

operating said motor vehicle, on any public highway, street, avenue or alley within this state.''

As everybody knows, an intoxicated driver of a motor vehicle is a menace to the lives, limbs, and property of others. By the adoption of this statute the Legislature sought to reduce this menace.

The evidence for the state showed that appellant owned an automobile; that he was riding in the car while intoxicated, but that he was not driving the car himself; a negro servant was driving it, and appellant and the servant were sitting on the front seat. There was no evidence to show that appellant in his drunken condition was directing and controlling the operation of the car by the negro. For aught that appeared in the evidence to the contrary, the negro was operating the car independently of any direction or control by appellant. If the evidence had shown that, although appellant did not have his hands on the wheel, he was directing and controlling the operation of the car by the negro, there might be a different case, which we are not called on to decide now. Criminal statutes are construed most strongly against the state. The evidence fell short of showing that appellant either operated the car or controlled its operation. The result is that appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for appellant.