DUBOSE *v.* STATE.

Division B. Nov. 12, 1951.

No. 38176 (54 So. (2d) 756)

**Jas. W. Lee,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

### Alexander, J.

Appellant was convicted of the unlawful distribution of beer in Newton County, which had, by election, voted against the traffic under Code 1942, Section 10208.

The testimony for the State made a prima facie case. It was shown that the act was committed at a

roadside cafe known as Snooks Drive-In, so called after a nickname used by the defendant. The employee who made delivery was employed by her and she was present at the time the beer was delivered. Three cans of beer were ordered by and delivered in a sack to three young men who drove up in an automobile. As they were preparing to pay for the order, the town marshal and a deputy sheriff materialized out of the shadows and took charge of the merchandise. Under search warrant they seized thirty-eight additional cans of beer found in a refrigerator in the cafe. Although there was contradiction, it was testified that in reply to an inquiry by the officers as to who operated the cafe, appellant admitted that she did.

Testimony for appellant raised issues of fact, the most interesting of which was that she kept the beverage for her personal use, which involved a rather enlarged daily requirement. The jury must have discounted this explanation, as well as the testimony of the employee who indicated in his explanation his purpose to make a gift of the three cans of beer from his employer's private supply, and all this without her knowledge or permission and in her presence. We have not, of course, any opinion to express as to the reasonableness of this defense. We say merely that this was an issue to be decided by the jury.

The most serious contention concerns the question whether the transaction was a "distribution" of beer. It is argued that conventionally a distributor is one who, as a wholesaler or distributing company, delivers beer in substantial lots upon order. But the statute does not so define "distribution". It is evident that the statute was designed to cover all means whereby the possession of beer may be commercially transferred from one to another. The charge is not possession, against which a defense of personal use may be appropriate. Here the sale was not completed. The statute forbids storage, sale, distribution, possession and receipt. It

could not be said that there was a hiatus in the comprehensive scheme to forbid all traffic, and that where a proposed sale was not completed, a defendant could escape through such loophole. Nor is there any definition of distribution which would contemplate a minimum quantity or prescribe a limited method for the transfer of possession. Would a licensed distributor be less guilty because he delivered upon order only one case or only three cans? The offense is not merely the status of one as a licensed distributor but it is the distribution by any one and in any manner.

If it be argued that in popular speech one is not said to distribute a bottle or can of beer to a customer who stands at the footrail, the answer is not that it is not a distribution but is a sale. It may be both. In the assumed case, it is doubtless true that the affidavit would have charged a sale. The forbidden forms of traffic were designed to proscribe all devices whereby the possession of beer in a dry county may be commercially transferred and the doctrine of noscitur a sociis links all forms of such transfer in a common outlawry. Otherwise, an officer by an impatient zeal may, by intervening between delivery and payment, thwart his own purpose by casting the transaction into a category not covered by a statute designed to prevent all traffic.

We are of the opinion that the affidavit charged an offense under the statute, and that the jury were authorized to weigh the testimony in the light of reason.

The remaining assignment is aimed at the refusal to the defendant of what is known as the two-theory instruction. Aside from a consideration of the merit of such instruction, it is properly refused in a case not based entirely upon circumstantial evidence. Jones v. State, 183 Miss. 408, 184 So. 810; Yarbrough v. State, 202 Miss. 820, 32 So. (2d) 436. The case here is based chiefly upon direct evidence.

Affirmed.