## WALTON *v.* STATE.

Nov. 23, 1953

No. 38893 44 Adv. S. 82 68 So. 2d 87

74

*P. A. Martin, Jr., Brown & Elledge,* Fulton, for appellant.

*John E. Stone,* Asst. Attorney General, Jackson, for appellee.

Hall, J.

Appellant was charged in the justice court with the unlawful distribution of beer in a county where an election had been held and beer outlawed. On conviction he appealed to the circuit court where he was again convicted, and he appeals here.

It is contended first that the lower court erred in overruling a demurrer to the affidavit for the reason that the affidavit did not charge the per cent of alcoholic content of the beer, and it is contended secondly that a peremptory instruction should have been granted because the proof did not disclose the alcoholic content of the beer in question.

Appellant relies on Hoyle v. State, 62 So. 2d 380, 216 Miss. 330. That case dealt with a charge of possession of beer. Under Section 10208, Code of 1942, it is not unlawful for a person to possess beer for his personal consumption even in a dry county where the alcoholic content does not exceed four percentum by weight. Consequently we held in the Hoyle case that where the charge is possession of beer, it is necessary to allege and prove that the alcoholic content thereof exceeded four per centum by weight. ▮▮ In this case, however, the charge is the distribution of beer in a county where such distribution has been outlawed by vote of the people. Such distribution is a violation of Section 10208 regardless of the fact that the alcoholic content may be four per centum or less, and it is therefore unnecessary for the charge or the proof to show whether the alcoholic content was four per centum or more or less than that amount. ▮▮ Beer is an alcoholic beverage and of this fact we may take judicial notice. Fuller v. City of Jackson, 97 Miss. 237, 248, 52 So. 873. ▮▮ The statute makes the distribution of beer a misdemeanor regardless of the amount of its alcoholic content in those counties where it has been outlawed.

It is next contended that appellant's requested peremptory instruction should have been granted because the facts of this case fail to show a distribution of the beer in question. The sheriff obtained a search warrant for the search of a place of business operated by appellant. In company with a deputy he went, shortly after dark, to the vicinity of the premises and for about thirty minutes they waited across the highway and kept a watch on the place. An automobile drove up and one person alighted therefrom and had a brief talk with appellant, and the two of them went inside. The place was lighted and the sheriff and his deputy saw the two men go into a back room. In a short time the two came out of the room; the third party came out to his car carry-

ing two paper bags which the sheriff took in charge and from which he removed three quarts of Falstaff beer. The sheriff then executed his search warrant and searched the premises and found three more quarts of Falstaff beer in a drink box in the back room. Neither the sheriff nor his deputy saw any money pass between the third party and appellant. The third party was not offered as a witness, and appellant testified that no money passed and that the beer had only been left in his drink box as an accommodation to a friend. In the case of Dubose v. State, 212 Miss. 521, 54 So. 2d 756, we held that the statute against distribution of beer "was designed to cover all means whereby the possession of beer may be *commercially* transferred from one to another." (Emphasis supplied.) In that case three cans of beer were delivered to three young men who had driven up to a roadside cafe in an automobile, and as they were preparing to pay for the same the transaction was stopped and the beer intercepted by officers who appeared out of the shadows. Under those facts we held that it was not necessary that a sale in progress should be completed in order to uphold a conviction for distribution of beer. But in the case at bar there is no showing that the delivery of the beer was a commercial transfer of its possession.

In the case of Frank Fehr Brewing Co. v. Commonwealth ex rel Oates, Comn'r. of Revenue, 296 Ky. 667, 178 S. W. 2d 197, it was held that under a taxing statute on beer the word "distribution" covers only commercial transactions. It was pointed out in that case that taxing statutes are construed more strictly against the State and in favor of the taxpayer. This same rule applies in the construction of penal statutes. State v. Lee, 196 Miss. 311, 17 So. 2d 277.

 The burden of proof in this case was upon the State to show the appellant guilty of the commercial transfer of the possession of the beer beyond a reasonable

doubt, and, since the evidence was wholly circumstantial on the crucial point as to whether the transfer was commercial, the burden was further upon the State to prove appellant guilty to the exclusion of every reasonable hypothesis other than guilt. What we said in Fortenberry v. State, 216 Miss. 241, 251, 62 So. 2d 325, is particularly applicable here: ''It may be readily conceded that the testimony of the officers was sufficient to prove beyond a reasonable doubt the facts testified to by the officers; and yet, we think that it cannot be said that proof of those facts was sufficient to establish the defendant's guilt beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis.''

The proof here falls short of the burden which the law casts upon the State, for which reason the requested peremptory instruction should have been granted.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.