SMITH, Justice.
Melvin Gann was convicted in the Circuit Court of Chickasaw County of the illegal possession of beer. For that offense, he was sentenced to pay a fine of $500 and to serve a term of 90 days in jail, with 60 days suspended during good behavior. He appeals from that conviction and sentence.
On September 24, 1957, an election had been duly called and held under the provisions of Mississippi Code 1942 Annotated section 10208 (1952) in which a majority of the qualified electors of Chickasaw County, voting in the election, had voted against the proposition that light wines and beer be legalized.
On August 31, 1968, for the purpose of obtaining a warrant to search Gann’s house for intoxicating liquor, an enforcement agent of the Alcoholic Beverage Control Division for the State Tax Commission made an affidavit before a magistrate stating, among other things, that he “had reason to believe and did believe” that Gann had in his possession in his house “intoxicating liquor in violation of Chapter 3, Title 11, recompiled Volume 2-A, Mississippi Code of 1942 and/or H. B. 112, 1966 Regular Session of Legislature.” The factual basis for this belief set forth in the affidavit was of sufficient substance to support the magistrate’s finding that probable cause did exist and justified the issuance of a search warrant.
Acting under authority of the warrant, the enforcement agents entered Gann’s dwelling, where he was at the time, but found no whiskey or other alcoholic beverages of that character generally classified as “hard liquor.” In the course of the search, however, they did find 102 16-oz. cans of beer, of assorted brands, in two refrigerators. The enforcement agents seized the beer as contraband and arrested Gann upon a charge of illegally possessing it.
He was convicted in justice of the peace court and, on appeal, upon trial de novo in the circuit court, he was again convicted.
Of the grounds assigned as error, requiring reversal, the following should be noticed :
(1) Enforcement officers of the Alcoholic Board of Control may not execute a search warrant for beer, their search was illegal (as only beer was found), and, therefore, their evidence against Gann was improperly admitted.
(2) No proof having been made that the alcoholic content of the beer found exceeded 4 per cent by weight, the State failed to show that its possession was illegal.
The first of these propositions is without merit for several reasons. The affidavit and warrant show that the objective of the agents in making the search was unlawfully possessed “intoxicating liquor.” The discovery and suppression of violations of the law with respect to intoxicating liquor are within the legitimate scope of the duties imposed upon the enforcement agents of the Alcoholic Beverage Control. In the course of their lawful search for intoxicating liquor, the beer was discovered. Since the agents were lawfully on the premises and beer was contra *629 band in Chickasaw County, it was lawful for the officers to seize the beer, under the circumstances, and their testimony with respect to it was properly admitted. Williams v. State, 216 Miss. 158, 61 So.2d 793 (1953).
In Walton v. State, 219 Miss. 72, 68 So. 2d 87 (1953) it was held that the mere possession of beer for personal use was not unlawful, even in a county where an election had been held and beer outlawed under Mississippi Code 1942 Annotated section 10208 (1952). However, in Walton, the Court said:
Beer is an alcoholic beverage and of this fact we may take judicial notice. Fuller v. City of Jackson, 97 Miss. 237, 248, 52 So. 873, 30 L.R.A.,N.S., 1078. The statute makes the distribution of beer a misdemeanor regardless of the amount of its alcoholic content in those counties where it has been outlawed. (Id. 219 Miss, at 76, 68 So.2d at 88).
Since 1953, when Walton was decided, the legislature has amended Mississippi Code 1942 Annotated section 10208 (Supp. 1968) in several respects, including the addition of this paragraph:
(b) In any county which has at any time since February 26, 1934, elected, or which may hereafter elect, to prohibit the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages in such county, it is hereby declared to be unlawful to possess such beverages therein. Any person found possessing any beer or wine of any quantity whatsoever in such county shall, on conviction, be imprisoned not more than ninety (90) days or fined not more than five hundred dollars ($500.00) or both such fine and imprisonment. (Emphasis added).
Under the amended statute, in a county in which beer has been outlawed, beer is an article of contraband, the possession of which is illegal.
An objection was made to the introduction of the affidavit and warrant, but not to the testimony of the officers as to their discovery of beer in Gann’s possession. The objection was overruled. This action of the court is said to have been error. We think the court correctly overruled this objection. But the proposition was waived when Gann voluntarily elected to take the stand as a witness in his own behalf, and testified that he did, in fact, have the beer in his possession. He testified that he had the beer for his own personal use, that it had been prescribed by a chiropractor to be drunk as a treatment for some unidentified kidney ailment. Moreover, he placed the chiropractor on the stand, and this individual testified, corroborating Gann, and stated that he had advised Gann to drink “not less” than 5 bottles of beer a day to “flush out excess toxins” from his kidneys.
If it was error to permit the enforcement agents to testify that beer had been found in Gann’s possession, it was cured when Gann himself voluntarily testified that such, indeed, had been the case. May v. State, 211 So.2d 845 (Miss.1968); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930); Blowe v. State, 130 Miss. 112, 93 So. 577, 24 A.L.R. 1429 (1922).
The second proposition argued for reversal is to the effect that the case for the prosecution failed because no proof was offered that Gann’s beer contained more than 4 per cent of alcohol by weight. This assignment is also without merit. See Walton v. State, supra.
Possession of beer in Chickasaw County was illegal, and continued to be so, after the election, whether its alcoholic content was more or less than 4 per cent, by weight, the qualified electors, voting in the election, having rejected the proposition that beer, of not more than 4 per cent alcohol by weight, be legalized.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.