381 So.2d 1040 (1980)
Doyle Gene JACKSON
v.
STATE of Mississippi.
No. 51145.
Supreme Court of Mississippi.
March 26, 1980.
*1041 Robert E. Farish, Biloxi, for appellant.
A.F. Summer, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and COFER, JJ.
PATTERSON, Chief Justice, for the Court:
Doyle Jackson was convicted in the Circuit Court of the Second Judicial District of Harrison County of burglary and sentenced as an habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 1979). He appeals and argues (1) the state adduced insufficient evidence to establish guilt, (2) the court erred in granting an instruction relating to the defense of intoxication, and (3) the court erred in considering a prior conviction, the sentence for which was suspended, for purposes of sentencing as an habitual offender.
Early on the morning of October 21, 1977, Jackson broke the window of a Biloxi drugstore with a brick and entered the premises. Although he argues that his powers of perception were so tattered through the use of drugs that he was powerless to entertain the requisite specific intent to steal, he nevertheless was able to locate the drugs in the store and to take a large quantity of sodium seconal, a popularly-abused barbiturate. In response to his argument of mental incapacity to form a specific intent, the court granted the following instruction:
INSTRUCTION NO. C00
The Court instructs the Jury that before you may find the Defendant, Doyle Gene Jackson, guilty of Burglary, you must find beyond a reasonable doubt that he had the specific intent to commit such a crime. Therefore, if you find that the Defendant was under the influence of drugs at the time it is alleged that he broke and entered Eckerd's Drug Store to the extent that he was unable to form the specific intent to burglarize said store, and that he could not then distinguish right from wrong, then you cannot find him guilty of Burglary.
Provided, however, if you find that the Defendant, Doyle Gene Jackson, formed the specific intent to commit the burglary in question before he came under the influence of drugs to the extent that he was unable to have the specific intent to commit the crime of burglary, if you do so find, and then voluntarily came under the influence of drugs, his use of drugs is no defense.
We observe that Jackson's in-court admission plainly suffices to establish his guilt of burglary beyond any reasonable doubt. As for his defense of intoxication, the court's instruction, while not entirely free from ambiguity, phrases the relevant law more favorably to the accused than required by our decisions.
In McDaniel v. State, 356 So.2d 1151 (Miss. 1978), we held:
... [V]oluntary intoxication by a defendant should not be permitted as a defense if ... when sober, [he] is capable of distinguishing between right and wrong, and ... voluntarily deprives himself of reason by intoxication, and commits an offense while in that condition... .
(356 So.2d at 1156)
Presently, we find the evidence insufficient to demonstrate inability of Jackson to distinguish between right and wrong before voluntarily depriving himself of reason by *1042 becoming intoxicated prior to committing the burglary. In any event, Jackson was not prejudiced by an instruction more favorable to him than required by law. We therefore reject this assignment of error.
The trial court held a distinct hearing following the jury's guilty verdict on the underlying burglary offense to determine Jackson's status as an habitual offender for sentencing purposes. Jackson's prior convictions included burglary (sentence of eighteen months) and burglary/larceny and possession of controlled substance (sentence of three years on each count to run concurrently; probation granted with suspension of the three-year sentences). The two burglary convictions arose out of distinct incidents in Alabama. Our statute, Mississippi Code Annotated section 99-19-81 (Supp. 1979) follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Jackson argues the conjunctive phrasing "and who shall have been sentenced ..." evidences a legislative intent to include within the class of habitual offenders only those who have been twice convicted of distinct felonies for which penitentiary terms have not only been pronounced as punishment, but also served through actual incarceration. We reject this argument, because we think the statutory intention is satisfied where, as here, the accused has been twice previously adjudged guilty of distinct felonies upon which sentences of one year or more have been pronounced, irrespective of subsequent probation or suspension of the sentences.
We are of the opinion the statute is intended to cure the evil of recidivism. Enhanced punishment relates to the conduct underlying the previous convictions. Adjudication of guilt and consequent pronouncements of sentences merely accord those convictions finality. Subsequent suspension of the sentences or probation is a matter of grace only, arising from the hope that the prospects of rehabilitation of the guilty warrant leniency. Clearly that hope is defeated when the beneficiary of the indulgence perpetrates further felonies. The statute is suited precisely to this problem. See State v. Larranaga, 77 N.Mex. 528, 424 P.2d 804 (1967); Tanzer v. United States, 278 F.2d 137 (9th Cir.1960); Dean v. Skeen, 137 W. Va. 105, 70 S.E.2d 256 (1952), annotation 31 A.L.R.2d 1180; Ex Parte Farr, 87 Okl.Cr. 411, 198 P.2d 748 (1948); People v. Rave, 364 Ill. 72, 3 N.E.2d 972 (1936); State v. Olson, 200 Iowa 660, 204 N.W. 278 (1925).
We note that the minutes of the Circuit Court of Etowah County, Alabama, state, "the defendant [Doyle Gene Jackson] . . is hereby sentenced to imprisonment in the penitentiary of the State of Alabama for a term of three (3) years ..." (emphasis supplied). At the bottom of the same page of minutes the addendum appears: "And the defendant applies for probation." The sentence has a sense of finality, notwithstanding the reference to Jackson's application for probation. We therefore affirm Jackson's sentence of seven years as an habitual offender.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.