# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-00668-SCT

*ALISHA VANWEY a/k/a ALISHA GADD a/k/a
ALISHA RENAE GADD a/k/a ALISHA RENEA
GADD a/k/a ALISHA R. GADD a/k/a ALISHA R.
VANWEY a/k/a ALISHA RENEE VAN WEY a/k/a
ALISHA R. VANWAY a/k/a ALISHA RENEE
WOODS a/k/a ALISHA WOODS a/k/a ALISHA
RENAE WEY a/k/a ALISHA RENAE VANNEY*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/2012 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| TRIAL COURT ATTORNEYS: | JOHN L. DOLAN, JR. |
| | JOHN D. WATSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALISHA VANWEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/24/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     Alisha Vanwey pleaded guilty in 2007 to three counts of selling hydrocodone in

DeSoto County, and the trial court sentenced her as a habitual offender under Mississippi

Code Section 99-19-81, to eleven years on each count, to run concurrently, in the custody of

the Mississippi Department of Corrections. Vanwey filed a petition for post-conviction relief (PCR) in the DeSoto County Circuit Court, claiming, *inter alia*, that one of the two prior predicate felonies listed in her indictment alleging habitual-offender status did not meet the requirements of Section 99-19-81. Specifically, Vanwey claimed that her sentence of forty-five (45) days in the custody of Mississippi Department of Corrections (MDOC) followed by five (5) years of post-release supervision, reporting, for the conviction of felony forgery, does not meet Section 99-19-81's requirement that a defendant "have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution."

¶2.     The trial court denied the motion, and the Court of Appeals affirmed the trial court's decision based on the finding that Vanwey's motion was procedurally barred as a successive writ and time-barred. ***Vanwey v. State***, 2012-CP-00668-COA, ____So.3d ____,____, 2013 WL 4055366, at **2-3 (Miss. Ct. App. Aug. 13, 2013). The Court of Appeals also found no merit to Vanwey's claim that her sentence was illegal because Vanwey's sentence of forty-five days plus five years of post-release supervision qualified as a sentence of one year or more for the purpose of Section 99-19-81. *See* Miss Code Ann. § 99-19-81 (Rev. 2007); ***Vanwey***, 2013 WL 4055366, at *3.

¶3.     We granted Vanwey's petition for writ of certiorari. We find, in this instance, Vanwey waived whatever contention she might have had with her habitual-offender status when she failed to challenge the sufficiency or validity of her two prior felony convictions and sentences at her plea hearing and then voluntarily and intelligently entered her guilty plea to three counts of selling hydrocodone as a habitual offender.

2

¶4. Even if Vanwey's sentence for felony forgery did not meet Section 99-19-81's requirements, Vanwey cannot demonstrate that she suffered a miscarriage of justice by her sentence. Based on the charges alleged in her indictment, Vanwey faced a possible sentence of 245 years in the penitentiary and a $8,005,000 fine. Vanwey petitioned the trial court to enter an open guilty plea to three of the five counts charged in her indictment, which she acknowledged carried a possible sentence of 180 years in the penitentiary and a $6,000,000 fine. The plea petition contained an agreement between Vanwey and the State for a recommended sentence of fifteen years on each count in the custody of the MDOC, as a habitual offender. During the plea hearing, the trial court fully advised Vanwey of her rights and informed her about the minimum and maximum sentence for each count and that the sentences could "run" consecutively. The trial court extensively questioned Vanwey as to her understanding of what it meant to be sentenced as a habitual offender under Section 99-19-81, and whether her attorney had advised her of the same. Vanwey expressly told the trial court that she understood the consequences of being sentenced as a habitual offender and that her attorney had so advised her. The trial court asked Vanwey if she understood that the court was not bound by any agreements between her and the State, and that the court could sentence her to 180 years in prison based on her guilty plea. Vanwey told the trial court that she understood.

¶5. After finding that Vanwey's guilty plea was knowingly, voluntarily, and intelligently given, the trial court accepted Vanwey's guilty plea. Providing Vanwey even more leniency

3

than what the State recommended, the trial court sentenced her to eleven years for each count, to run concurrently, as a habitual offender.

¶6. Vanwey now comes to this Court claiming that her fundamental rights were violated because she received an illegal sentence. We think not.

¶7. Having failed to demonstrate how her sentence as a habitual offender prejudiced her in the slightest, Vanwey cannot now be heard to complain that her eleven-year sentence as a habitual offender, which she knowingly, voluntarily, and intelligently agreed to, constituted a miscarriage of justice.

¶8. Accordingly, we find this issue is without merit. And we affirm the judgment of the Court of Appeals as well as the trial court's decision to dismiss Vanwey's PCR claim.

## CONCLUSION

¶9. The judgment of the Court of Appeals and the judgment of the DeSoto County Circuit Court dismissing Vanwey's PCR claim are affirmed.

¶10. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, CHANDLER AND KING, JJ.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶11. A majority of justices on this Court agree that Alisha Vanwey did not qualify as a habitual offender. But today's decision holds that when Vanwey pleaded guilty, that fact – standing alone – operated as a waiver of her right to bring her claim of an illegal sentence before this Court. With this I do not agree. Waivers must be knowingly and intelligently

4

made. And the record here includes no evidence whatsoever that Vanway knowingly and intelligently waived her claim. To the contrary, the record is quite clear that her attorney wrongly advised her that she qualified as a habitual offender. Because today's decision turns the law of waiver on its head, I respectfully dissent.

### Waiver

¶12. Before a trial judge accepts a defendant's guilty plea, the judge must be satisfied that the defendant is fully aware of the rights he or she is waiving, and that the defendant's waiver of those rights is knowingly and intelligently made.[1] That is why properly conducted plea hearings last fifteen to thirty minutes, rather than thirty seconds. That is why trial judges ask defendants numerous questions concerning their understanding of the rights they will waive, should the guilty plea be accepted. And that is why a valid guilty plea constitutes a waiver of defenses to the offense.

¶13. But a defendant does not – simply by pleading guilty – waive the right to challenge a sentence that is, as a matter of law, illegal.[2] Even if an illegal sentence claim can be waived, the waiver must be voluntarily and knowingly made because "[a] plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently."[3]

---

[1]*Hannah v. State*, 943 So. 2d 20, 25 (Miss. 2006).

[2]*Berry v. State*, 722 So. 2d 706, 707 (Miss. 1998); *see also* *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

[3]*Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992) (citing *Myers v. State*, 583 So. 2d 174, 177 (Miss. 1991)).

And for the guilty plea to be voluntarily and intelligently made, the defendant must know "what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and *what the possible sentence might be* because of his plea."[4] That certainly was not true in this case.

¶14. Both the United States Supreme Court and this Court have said that when "'a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "'was within the range of competence demanded of attorneys in criminal cases.'"[5] Here, the plea-hearing transcript clearly indicates that Vanwey relied on the incorrect advice of her counsel that a legal basis existed to prove she was a habitual offender.

¶15. Specifically, the judge asked Vanwey's attorney if he was "satisfied that the District Attorney's office could present credible evidence necessary to meet the applicable burden to . . . pro[ve] . . . the necessary underlying convictions which establish Ms. Vanwey as a habitual offender pursuant to 99-19-81." Vanwey's attorney replied "Yes, Sir." That response simply was incorrect. Vanwey did not qualify as a habitual offender.

---

[4] *Alexander*, 605 So. 2d at 1172 (emphasis added) (citing *Myers*, 583 So. 2d at 177).

[5] *Wilson v. State*, 577 So. 2d 394, 396 (Miss. 1991) (quoting *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970))).

¶16. As discussed below, Vanwey was not a habitual offender because she did not have two prior felony convictions that met the requirements listed under Section 99-19-81.[6] The majority wrongly concludes that Vanwey waived this argument. She did not. Her attorney misinformed her that she legally qualified as a habitual offender. And because this advice was not "'was within the range of competence demanded of attorneys in criminal cases,'"[7] the majority incorrectly concludes that she voluntarily and intelligently pleaded guilty to being a habitual offender.

*Illegal Sentence*

¶17. The relevant habitual-offender statute requires two prior convictions with "separate terms of one (1) year or more *in any state and/or federal penal institution*."[8] Common sense should lead us to conclude that any sentence, or portion of a sentence, that is to be served outside "any state and/or federal penal institution" does not qualify. And an order of post-release supervision is not a sentence "in" a state or federal penal institution. Even assuming the statute to be ambiguous as to whether the post-release supervision qualifies as "in" a penal institution, still, we are bound by the "long standing rule that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused."[9]

---

[6]Miss. Code Ann. § 99-19-81 (Rev. 2007).

[7]*Wilson*, 577 So. 2d at 396 (quoting *Hill*, 474 U.S. at 56 (quoting *McMann*, 397 U.S. at 771)).

[8]Miss. Code Ann. § 99-19-81 (emphasis added).

[9]*McLamb v. State*, 456 So. 2d 743,745 (Miss. 1984) (citing *State v. Russell*, 358 So. 2d 409 (Miss. 1978)); *Carter v. State*, 33 So. 2d 376 (Miss. 1976); *Walton v. State*,

7

¶18. One of Vanwey's prior convictions upon which the circuit court relied to sentence her as a habitual offender carried a sentence of forty-five days, followed by five years of post-release supervision. This was not a sentence of "one (1) year or more *in* any state and/or federal penal institution,"[10] and simply does not qualify under Section 99-19-81.

¶19. It is true that we have held in previous Section 99-19-81 cases that, so long as a defendant's sentence was for more than a year, actual incarceration for less than a year does not disqualify a previous conviction for habitual-offender purposes. For instance, in ***Jackson v. State***, we held that a sentence to "imprisonment in the penitentiary of the State of Alabama for a term of three years . . . "[11] satisfied the habitual-offender statute, even though the trial court suspended the sentence.[12] The defendant indeed was sentenced to a term of a year or more *in* a penal institution, as required by the habitual-offender statute. We stated that "the accused [was] twice previously adjudged guilty of distinct felonies upon which the sentence of one year or more have been pronounced, *irrespective of subsequent probation or suspension of the sentence*."[13] Why did we point out that "the sentence of one year or more" was "irrespective of subsequent probation or suspension of the sentence" in ***Jackson v. State***? The answer is simple and should be obvious.

---

219 Miss. 72, 68 So. 2d 87 (1953); ***Terry v. State***, 172 Miss. 303, 160 So. 574 (1935).

[10]Miss. Code Ann. § 99-19-81 (emphasis added).

[11]***Jackson v. State***, 381 So. 2d 1040, 1042 (Miss. 1980).

[12]***Id.***

[13]***Id.*** (emphasis added).

8

¶20. But Vanwey – unlike the defendant in *Jackson* – was never sentenced to a year or more in any penal institution. Her post-release supervision was not to be served in a penal institution;[14] it was not ordered in lieu of a suspended sentence to a penal institution; and just as it did not count in *Jackson*, it should not count here. Forty-five days constituted the entirety of Vanwey's sentence *in* a penal institution, and that is the only sentence relevant to the habitual-offender statute.

*Conclusion*

¶21. Because Vanwey's habitual-offender sentence was indeed illegal; and because she did not knowingly and intelligently waive her claim that she was illegally sentenced, I would grant Vanwey's petition for post-conviction relief and remand this case for the trial court to impose a legal sentence.

**KITCHENS, CHANDLER AND KING, JJ., JOIN THIS OPINION**.

---

[14]Miss. Code Ann. § 47-7-34 (Rev. 2011).

9