DICKINSON, Presiding Justice,
dissenting:
¶ 11. A majority of justices on this Court agree that Alisha Vanwey did not qualify as a habitual offender. But today’s decision holds that when Vanwey pleaded guilty, that fact — standing alone — operated as a waiver of her right to bring her claim of an illegal sentence before this Court. With this I do not agree. Waivers must be knowingly and intelligently made. And the record here includes no evidence whatsoever that Vanway knowingly and intelligently waived her claim. To .the contrary, the record is quite clear that her attorney wrongly advised her that she qualified as a habitual offender. Because today’s decision turns the law of waiver on its head, I respectfully dissent.

Waiver

¶ 12. Before a trial judge accepts a defendant’s guilty plea, the judge must be satisfied that the defendant is fully aware of the rights he or she is waiving, and that the defendant’s waiver of those rights is knowingly and' intelligently made.[1] That is why properly conducted plea hearings last fifteen to thirty minutes, rather than thirty seconds. That is why trial judges ask defendants numerous questions concerning their understanding of the rights they will waive, should the guilty plea be accepted. And that is why a valid guilty plea constitutes a waiver of defenses to the offense.
¶ 13. But a defendant does not — simply by pleading guilty — waive the right to challenge a sentence that is, as a matter of law, illegal.[2] Even if an illegal sentence claim can be waived, the waiver must be voluntarily and knowingly made because “[a] plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently.”[3] And for the *1026 guilty plea to be voluntarily and intelligently made, the defendant must know “what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea.”[4] That certainly was not true in this case.
¶ 14. Both the United States Supreme Court and this Court have said that when “ ‘a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel’s advice was within the range of competence demanded of attorneys in criminal cases.’”[5] Here, the plea-hearing transcript clearly indicates that Vanwey relied on the incorrect advice of her counsel that a legal basis existed to prove she was a habitual offender.
¶ 15. Specifically, the judge asked Van-we^s attorney if he was “satisfied that the District Attorney’s office could present credible evidence necessary to meet the applicable burden to ... pro[ve] ... the necessary underlying convictions which establish Ms. Vanwey as a habitual offender pursuant to 99-19-81.” Vanwey’s attorney replied “Yes, Sir.” That response simply was incorrect. Vanwey did not qualify as a habitual offender.
• ¶ 16. As discussed below, Vanwey was not a habitual offender because she did not have two prior felony convictions that met the requirements listed under Section 99-19-81.[6] The majority wrongly concludes that Vanwey waived this argument. She did not. Her attorney misinformed her that she legally qualified as a habitual offender. And because this advice was not “ ‘was within the range of competence demanded of attorneys in criminal cases,’ ”[7] the majority incorrectly concludes that she voluntarily and intelligently pleaded guilty to being a habitual offender.

Illegal Sentence

¶ 17. The relevant habitual-offender statute requires two prior convictions with “separate terms of one (1) year or more in any state and/or federal penal institution.”[8] Common sense should lead us to conclude that any sentence, or portion of a sentence, that is to be served outside “any state and/or federal penal institution” does not qualify. And an order of post-release supervision is not a sentence “in” a state or federal penal institution. Even assuming the statute to be ambiguous as to whether the post-release supervision qualifies as “in” a penal institution, still, we are bound by the “long standing rule that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused.”[9]
*1027 ¶ 18. One of Vanwey’s prior convictions upon which the circuit court relied to sentence her as a habitual offender carried a sentence of forty-five days, followed by five years of post-release supervision. This was not a sentence of “one (1) year or more in any state and/or federal penal institution,” [10] and simply does not qualify under Section 99-19-81.
¶ 19. It is true that we have held in previous Section 99-19-81 cases that, so long as a defendant’s sentence was for more than a year, actual incarceration for less than a year does not disqualify a previous conviction for habitual-offender purposes. For instance, in Jackson v. State, we held that a sentence to “imprisonment in the penitentiary of the State of Alabama for a term of three years ...”[11] satisfied the habitual-offender statute, even though the trial court suspended the sentence.[12] The defendant indeed was sentenced to a term of a year or more in a penal institution, as required by the habitual-offender statute. We stated that “the accused [was] twice previously adjudged guilty of distinct felonies upon which the sentence of one year or more have been pronounced, irrespective of subsequent probation or suspension of the sentence.” [13] Why did we point out that “the sentence of one year or more” was “irrespective of subsequent probation or suspension of the sentence” in Jackson v. State? The answer is simple and should be obvious.
¶ 20. But Vanwey — unlike the defendant in Jackson — was never sentenced to a year or more in any penal institution. Her post-release supervision was not to be served in a penal institution;[14] it was not ordered in lieu of a suspended sentence to a penal institution; and just as it did not count in Jackson, it should not count here. Forty-five days constituted the entirety of Vanwey’s sentence in a penal institution, and that is the only sentence relevant to the habitual-offender statute.

Conclusion

¶ 21. Because Vanwey’s habitual-offender sentence was indeed illegal; and because she did not knowingly and intelligently waive her claim that she was illegally sentenced, I would grant Vanwey’s petition for post-conviction relief and remand this case for the trial court to impose a legal sentence.
KITCHENS, CHANDLER AND KING, JJ, JOIN THIS OPINION.

. Hannah v. State, 943 So.2d 20, 25 (Miss. 2006).

. Berry v. State, 722 So.2d 706, 707 (Miss. 1998); see also Burns v. State, 344 So.2d ■ 1189, 1190 (Miss. 1977).

. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). .

. Alexander, 605 So.2d at 1172 (emphasis added) (citing Myers, 583 So.2d at 177).

. Wilson v. State, 577 So.2d 394, 396 (Miss.1991) (quoting Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970))).

. Miss.Code Ann. § 99-19-81 (Rev.2007).

. Wilson, 577 So.2d at 396 (quoting Hill, 474 U.S. at 56, 106 S.Ct. 366 (quoting McMann, 397 U.S. at 771, 90 S.Ct. 1441)).

. Miss.Code Ann. § 99-19-81 (emphasis added).

. McLamb v. State, 456 So.2d 743, 745 (Miss.1984) (citing State v. Russell, 358 So.2d 409 (Miss.1978)); Carter v. State, 334 So.2d 376 (Miss.1976); Walton v. State, 219 Miss. 72, 68 So.2d 87 (1953); Terry v. State, 172 Miss. 303, 160 So. 574 (1935).

. Miss.Code Ann. § 99-19-81 (emphasis added).

. Jackson v. State, 381 So.2d 1040, 1042 (Miss. 1980).

. Id.

. Id. (emphasis added).

. Miss.Code Ann. § 47-7-34 (Rev.2011).