GEE *et al. v.* RIMMER.

(Division B. April 15, 1940. Suggestion of Error Overruled May 13, 1940.)

[195 So. 342. No. 34104.]

**O. H. Barnett, Jr.,** of Carthage, for appellants.

**A. M. Warwick,** of Carthage, for appellee.

464

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a judgment in the Circuit Court of Leake County, in a proceeding in unlawful entry and detainer for the possession of certain lands described in the record, which the appellant claims to be a homestead, and in which it was contended that Mallory Gee, the husband, did not sign the deed of trust, under foreclosure of which H. W. Rimmer claimed title to the premises, and brought this action in a special unlawful entry and detainer court to secure possession of the land.

The indebtedness secured by the deed of trust was to a firm styled J. W. Rimmer & Brother, composed of H. W. and J. W. Rimmer. The surviving member of this firm, H. W. Rimmer, caused the deed of trust to be foreclosed,

and purchased at the sale thereof. The unlawful entry. and detainer court awarded possession of the premises to H. W. Rimmer, purchaser at the foreclosure sale, and rendered judgment for the appellee, with proceedings to obtain possession, and also a personal judgment for the use and occupancy of the land; from which the appellants took an appeal to the Circuit Court, where the case was tried anew.

It appears that the affidavit upon which the unlawful entry and detainer proceedings were instituted was made before a justice of the peace in Attala County, where the Rimmers lived, while the land was situated in Leake County, where the appellants lived. It is complained, or assigned as error, that the fact that the affidavit was not made before a justice of the peace of Leake County rendered it void. Section 3458, of the Code of 1930, provides that: "The party turned out of possession, or held out of possession, may exhibit his complaint, before any justice of the peace of the county within which the lands, or some part thereof, may lie, to the following effect" (setting out a form of affidavit). The following section provides for the form of the warrant, and for the summoning of other justices of the peace.

It is contended that it was necessary to the jurisdiction of the unlawful entry and detainer court that this affidavit be made before a justice of the peace of the county in which the premises lie; and, having been made before a justice of the peace outside of the county, the affidavit was without legal effect.

We are unable to accept this view. The statute uses the word "may," as will be seen by referring to the above quotation; and it is not there used in the mandatory sense. The affidavit is part of the proceeding to institute a lawsuit, and on its presentation to a justice of the peace duly signed, and certified by a justice of the peace, the justice before whom the proceeding is instituted, may issue warrants, and summon other justices, who may proceed to hear the controversy. It is not es-

sential to jurisdiction that an affidavit be made before a justice of the peace of the county in which the lands lie.

It is next contended that the affidavit made to the justice of the peace before whom the proceeding is instituted described the land as being in the wrong township, it being claimed that township 12 was used in the original proceeding before the justice of the peace, whereas it should have been township 11; and that the land described in the affidavit was six miles from where the land actually lay, and that no amendment was made in the unlawful entry and detainer court to correct this description. The cause was tried de novo on appeal to the Circuit Court, which court had the same power to amend as had the justice of the peace before whom the suit was instituted. There is no merit in this contention.

On the trial in the unlawful entry and detainer court there was no claim that the husband did not sign the deed of trust; but on the trial in the Circuit Court it was contended that Mallory Gee did not sign the deed of trust; that the property was a homestead, and consequently the deed of trust was void, as were all the proceedings under it; and that the court should have directed a judgment for the appellants.

When the case was tried in the Circuit Court, H. W. Rimmer had died, and the suit was proceeded with in the name of his representative. Mollie Gee, wife of Mallory Gee, was there offered as a witness to testify that the latter had owned the land, that it constituted a homestead, and that he did not sign the deed of trust.

This evidence was disputed by testimony tending to show that Mallory Gee did sign the deed of trust—that his signature was genuine. Signatures of his which were admitted to be genuine were offered in evidence; and the genuiness of the signature to the deed of trust was testified to by witnesses claiming to be familiar with his handwriting. The testimony of Mollie Gee was objected to, but it was admitted in evidence by the court. Mallory Gee was introduced in rebuttal of the testimony of

468

witnesses to the genuineness of his signature; and over objection he testified that he did not sign the deed of trust—that it was not his signature.

The jury found for the appellee, and it is now immaterial whether or not Mollie Gee was a competent witness, because of the fact that her testimony was contradicted, and the jury found against her.

However, since Mollie Gee, as the wife of Mallory Gee, has an interest, recognized by the law, in the homestead, and a right to live upon it and to have her support therefrom, she would be incompetent to establish such right through her own testimony, where the opposing party to the contract had died. If the sole interest in the homestead was in the husband, with none in her, she would have been a competent witness for her husband. While it was competent for Mollie Gee to testify as to the genuineness of his signature, her testimony should have been limited to that issue, and should not have been given in respect to any other issues involved.

However, the finding of the jury eliminates all errors complained of, and being on disputed evidence, is binding upon the Court.

The other assignments of error are without merit, and do not require discussion. We find no reversible error, and the judgment of the lower court is affirmed.

Affirmed.