LEFLORE BANK & TRUST CO. *v.* LEFLORE COUNTY *et al.*

(In Banc. November 24, 1947.)

[32 So. (2d) 744. No. 36597.]

**Alfred Stoner**, of Greenwood, for appellant.

Means Johnston and Bell & McBee, all of Greenwood, for appellees.

Argued orally by Alfred Stoner, for appellant, and by A. H. Bell, for appellees.

**Griffith, J.,** delivered the opinion of the court.

For the year 1947, appellant bank and the Bank of Greenwood, both in every way qualified, applied to the board of supervisors of Leflore County for appointment as county depositories under the statutes governing the subject, both applications being in full compliance with the statutes. The board selected the Bank of Greenwood as the sole depository, whereupon appellant bank instituted its action in mandamus contending that under Chap. 422, Laws 1946, it was obligatory on the board to divide the funds between the banks.

Chap. 422, Laws 1946, is amendatory of Sec. 9144, Code 1942. The latter section, as regards the provision here directly involved, reads as follows: "the board of supervisors shall have the right to designate which and how much of any one fund shall be kept on deposit in any one of the depositories, . . ." The provision as amended reads as follows: "The board of supervisors may allocate said funds to each bank offering to qualify as nearly as practical in proportion to their respective capital accounts subject to taxation as shown on the tax roll to said county . . ." The sole question involved in the present appeal is whether the quoted word "may" is to be read as "shall."

It is the rule supported by the authorities in all jurisdictions that the word "may" should be construed as "must" or "shall" where public interests or rights are to be affected, or where the public or private persons have rights de jure which can be protected only by such construction. The only public right to be protected here is the right to have ample security for its public funds put up by a sound, solvent, convenient and dependable bank. The record shows that the Bank of Greenwood is such a bank, and that it has deposited ample securities in all respects as required by statute.

Inasmuch then as the public interest has been fully protected, we turn to the inquiry whether there is any private person with rights de jure to be protected, and

which cannot be so protected unless the word "may" is construed as "shall." The only private interest here involved is the interest of the other bank, the Leflore Bank & Trust Company. Its interest is not one resting in the common law, but if any it is derivitive solely from the statute. If the word "may" in the statute is permissive and not mandatory, then the Leflore Bank has no right de jure, wherefore such a right can be created only by construing "may" as meaning "shall." The authorities are without dissent, so far as we have found, that the word "may" is never construed as "shall" for the purpose of creating a right. If such were done, "may" would always mean "shall," when the action of any public board or administrative body is involved and discretion would disappear. See the cases collected under Note 8, 53 C. J., Statutes, Sec. 635, at p. 1085.

There is the further rule that in appropriate cases the courts are permitted to give a mandatory meaning to the word "may"when so to do will effect justice or will prevent injustice. Appellant says that it ought to have the protection of that rule, it being undisputed that appellant bank is sound, solvent, well managed, has offered security equally as good as the other bank, and along with the other bank is a large taxpayer.

No other experience in commercial life is more common, perhaps, than that wherein one house or one person offering services or goods is preferred over and among others who have made, or make, offers equal in merit. Depositors in banks make such preferences, as does appellant bank itself, in placing its hundreds of thousands of dollars on deposit in the exchange centers of the country. There is no injustice in all this in the sense in which that term is used in the stated rule. What others in business may do, the county in its authorized business affairs is free also to do unless otherwise commanded by law. Therefore, the argument does not advance the inquiry, for it brings us back to the point of beginning—has the county been commanded by law to do otherwise than it did?

Appellant invokes the rule of construction that when the Court can see that the real purpose and intention of the Legislature was to give the word "may" a mandatory meaning, the Court should so construe it. Gandy v. Public Service Corp., 163 Miss. 187, 140 So. 687. Inasmuch, however, as the word "may" is primarily and ordinarily a permissive term and not peremptory or mandatory, the Court must not be in any real doubt that the Legislature did intend it in the mandatory sense, else the Court would have no legitimate authority to take it out of its primary or ordinary sense. "Permissive, directory or enabling language of a statute is presumed to be used in its ordinary sense, unless it would manifestly defeat the object of the provision. The interpretation of permissive terminology as mandatory may be made only where the context or subject matter compels such construction, or where it is necessary to give effect to the clear policy and intention of the legislature." 50 Am. Jur., Statutes, Sec. 31, p. 53; State v. County School Board, 181 Miss. 818, 828, 829, 181 So. 313.

The quoted language upon the point at issue, as used both in the original and the amended statute, is so awkward that we cannot tell with confidence what was meant by it, either when taken alone or with all the provisions of the statute in pari materia, and hence we are without authority to convert the permissive term there used into a sense which would make it mandatory.

Affirmed.