459 So.2d 300 (1984)
DEPENDENTS OF Woodrow Wilson TOWNSEND
v.
DYER WOODTURNINGS, Inc. and Lumbermen's Underwriting Alliance.
No. 55166.
Supreme Court of Mississippi.
November 7, 1984.
C. Emanuel Smith, Starkville, for appellants.
Dan McCullen, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The dependents of Woodrow Wilson Townsend have appealed from an order of the Circuit Court, First Judicial District, Chickasaw County, dismissing this cause from the docket of that court. They have assigned two (2) errors in the lower court, but we discuss only the assignment of whether or not the lower court erred in dismissing the cause, which is dispositive of the case, and we affirm.
On March 31, 1983, the Mississippi Workmen's Compensation Commission entered an order denying death benefits to the claimants. On April 29, 1983, the claimants filed with the Circuit Clerk for the First Judicial District, Chickasaw County, a "Petition for Judicial Review" attempting to appeal from the Commission order. No *301 notice of appeal was filed with the Secretary of the Commission within thirty (30) days of the date of the Commission order. Subsequently, claimants filed an "Application for Deviation from Rule" with the Commission to permit a deviation from Procedural Rule 11 for the reason that the rule changes the requirement of the state statute and the strict compliance with said rule under the facts of the case would tend to deprive the claimants of a substantial right. On September 13, 1983, the lower court entered an order dismissing the cause from its docket, sua sponte, on the ground that an order entered by the Commission on July 14, 1983, disposed of the cause.[1]
The simple question presented to the Court is whether or not the claimants timely and properly perfected an appeal from the Commission order to the circuit court and whether that court erred in dismissing the attempted appeal from its docket.
Mississippi Code Annotated § 71-3-51 (1972), in part, provides the following:
The final award of the Commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the Commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate transmit to the circuit court of the county where the injury occurred all documents and papers on file in the matter, together with a transcript of the evidence, the findings, and award, which shall thereupon become the record of the cause.... Appeals may be taken from the circuit court to the Supreme Court in the manner as now required by law.
The Commission adopted Procedural Rule 11 following the statute, pertinent parts of which follow:
APPEAL FROM COMMISSION AWARD. Should either party desire to appeal from an award of the commission, the party desiring to appeal shall within thirty days of the date of the award file a notice of appeal with the secretary of the commission. The notice shall set out the style of the case, the grounds upon which the appeal is taken, certification that copies of the motion of appeal have been filed with the opposing parties.
When a motion for appeal to the Circuit Court is filed with the commission the secretary shall, with a proper letter of transmittal, place the matters possessed by this commission and pertaining to the appealed case in the hands of the Circuit Court within seven days after such notice for appeal is received by the commission... .
It is undisputed that the claimants failed to comply with the statute and with Procedural Rule 11 and they have only attempted to relieve themselves by asking for a deviation from the Rule 11, citing Commission Rule 14, which states:
In any case, for good cause shown, the commission or the administrative judge may permit deviations from these rules insofar as compliance therewith may be found to be impossible or impracticable.
This Rule shall be in force and effect on and after November 1, 1980.
Relief was not granted by the Commission under Rule 14, and it is obvious from reading the rule that it was not applicable to the petition.
Claimants contend that the word "may" in the statute makes it discretionary as to the manner in which an appeal is taken and cite Leake County Coop. (AAL) v. Dependents of Barrett, 226 So.2d 608 (Miss. 1969); Leflore Bank & Trust Co. v. Leflore, Co., 202 Miss. 552, 32 So.2d 744 (1947), and Gee v. Rimmer, 188 Miss. 460, 195 So. 342 (1940). Those cases are distinguishable *302 from the present case and are not authority for their position.
The first paragraph of the statute states that the final award of the Commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the Commission and notification to the parties, appeal to the circuit court. That part of the statute is mandatory as to the time when the appeal must be taken. The second paragraph of the statute provides that such appeal may be taken by filing notice of the appeal with the Commission. There is no other statute which provides for an appeal from the Commission to the circuit court and the procedure set forth therein is jurisdictional of an appeal to the circuit court. Mississippi State Hwy. Comm'n v. First Methodist Church of Biloxi, 323 So.2d 92 (Miss. 1975); Fisher v. Crowe, 289 So.2d 921 (Miss. 1974); Shannon Chair Company v. City of Houston, 295 So.2d 753 (Miss. 1974); Marlboro Shirt Co. (Reliance Mfg. Co.) v. Whittington, 195 So.2d 920 (Miss. 1967). In discussing the statute and Rule 11, Dunn's Mississippi Workmen's Compensation § 386 (3d ed. 1982) states the following:
§ 386. Appeal to Circuit Court and review. An appeal to the Circuit Court from the final decision of the commission must be perfected within thirty (30) days of the date of the award by filing a notice of appeal with the secretary of the commission. The notice must set out the style of the case and the grounds upon which the appeal is taken and must contain a certification that copies of the notice of appeal have been served upon the opposing parties. Thereupon the record is transmitted by the commission to the Circuit Court within due time after the notice of appeal is received by the commission.
When an appeal is perfected to the Circuit Court, the commission loses jurisdiction of the case and no controversy may be heard by the commission and no award of compensation may be made in the case while the same matter is pending in court on appeal or by original action.
As stated, there is only one method and procedure for appeal from the Mississippi Workmen's Compensation Commission to the Circuit Court. Likewise, now there is only one method of appeal in cases from the trial courts of the state to this Court. Moran v. Necaise, 437 So.2d 1222 (Miss. 1983). The claimants did not timely perfect their appeal from the Mississippi Workmen's Compensation Commission to the Circuit Court of the First Judicial District, Chickasaw County, Mississippi, and that court properly dismissed the case from its docket. There being no error in the order of dismissal in the lower court, the judgment is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
HAWKINS, J., not participating.
NOTES
[1] An appeal was not properly and effectively taken from the Commission order entered March 31, 1983.