IN THE COURT OF APPEALS

7/29/97

OF THE

STATE OF MISSISSIPPI

NO. 96-CC-00259 COA

JEFFERY E. GILMORE APPELLANT

v.

TERMINIX SERVICE AND THE INSURANCE

COMPANY OF THE STATE OF

PENNSYLVANIA APPELLEES

PER CURIAM AFFIRMANCE MEMORANDUM OPINION

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. THOMAS J. GARDNER III

COURT FROM WHICH APPEALED: LEE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: GENE BARTON

ATTORNEYS FOR APPELLEES: RONALD L. ROBERTS

BERKLEY N. HUSKISON

NATURE OF THE CASE: WORKERS' COMPENSATION

TRIAL COURT DISPOSITION: DISMISSED THE CASE AS UNTIMELY FILED

CERTIORARI FILED: 10/28/97

MANDATE ISSUED: 4/16/98

BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

PER CURIAM.

Jeffrey Gilmore appeals the dismissal of his workers' compensation appeal to the circuit court, raising the following issue as error:

**I. DID THE CIRCUIT JUDGE ERR IN HIS DECISION TO DISMISS THE APPEAL TO CIRCUIT COURT WHEN THE PETITION FOR REVIEW IN**

**CIRCUIT COURT WAS FILED WITHIN 30 DAYS WITH CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI?**

As the dismissal by the lower court was correct, this Court affirms the dismissal.

FACTS

On June 1, 1992, Gilmore received a work-related injury to his back. On January 27, 1995, the administrative judge entered her order finding that Gilmore had received the work-related injury and was temporarily totally disabled from June 1, 1992 until October 13, 1992, when he was released from treatment. The judge also found that Gilmore had received all of the benefits to which he was

entitled in that he had not proved a permanent occupational disability because of the injury. On February 17, 1995, Gilmore filed a petition for review with the Mississippi Workers' Compensation Commission (MWCC). On December 5, 1995, the MWCC entered its final order dismissing the appeal ruling that Gilmore had not timely filed his appeal. Gilmore then filed his appeal of the Commission's order to the Circuit Court of Lee County on January 4, 1996. His notice of appeal was received and filed with the MWCC on January 5, 1996. The Circuit Court of Lee County dismissed the appeal as untimely filed pursuant to Mississippi Code Annotated §71-3-51. It is from that order which Gilmore files this appeal.

## ANALYSIS

Section 71-3-51 of the Mississippi Code Annotated provides in pertinent parts:

The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.

Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate transmit to the circuit court of the county where the injury occurred all documents and papers on file in the matter, together with a transcript of the evidence, the findings, and award, which shall thereupon become the record of the cause.

In addition to the statute, our state's leading textual authority on workers' compensation law, *Mississippi Workmen's Compensation* by Vardaman S. Dunn, states the following:

An appeal to the Circuit Court from the final decision of the commission must be perfected within thirty (30) days of the date of the award by filing a notice of appeal with the secretary of the commission.

Vardaman S. Dunn, *Mississippi Workmen's Compensation* § 386 at 482 (3d ed. 1990). Dunn bases this conclusion on MWCC Procedural Rule 11, which states:

Should either party desire to appeal from an award of the commission, the party desiring to appeal shall within thirty days of the date of the award file a notice of appeal with the secretary of the commission.

Dunn, *Mississippi Workmen's Compensation* at 596.

The supreme court interpreted §71-3-51 in *Dependents of Townsend v. Dyer Woodturnings, Inc.*, 459 So. 2d 300 (Miss. 1984). In that case, the supreme court held that the notice of appeal must be filed with the clerk of the MWCC within thirty days of the Full Commission's order. *Id.* at 302. Further, this notice is jurisdictional and filing the notice of appeal with a circuit clerk will not suffice. *Id.*

In the case at bar, the final order of the MWCC was entered on December 5, 1995. Gilmore filed an appeal with the Circuit Court of Lee County on January 4, 1996. However, Gilmore did not file his appeal in this cause with the MWCC until January 5, 1996; a total of thirty-one days since the final order of the MWCC. According to *Dependents of Townsend* and §71-3-51, an appeal of a final order from the MWCC to the Circuit Court must be filed in the office of the MWCC within thirty days from the final ruling of the MWCC. Gilmore failed to file his appeal with the office of the

MWCC within this thirty day time period. Therefore, the circuit judge did not err in dismissing Gilmore's appeal as untimely filed.

**THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.**