THOMAS, P. J„
for the Court:
¶ 1. Mary A. Triplett appeals the order of the circuit court dismissing her appeal, raising the following issues as error:
I. THE ORDER OF THE COMMISSION CONTAINS MANIFEST ERROR AS A MATTER OF LAW AND FACT IN FINDING THAT APPELLANT IS ENTITLED ONLY TO COMPENSATION FOR PERMANENT PARTIAL DISABILITY ON THE BASIS OF A TWENTY PERCENT IMPAIRMENT TO HER RIGHT ARM ALONE, OR $148.86 PER WEEK FOR A PERIOD OF FORTY WEEKS COMMENCING JUNE 3, 1995.
II. THE ORDER OF THE COMMISSION IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW AND FACT IN FAILING TO FIND ANY PERMANENT DISABILITY OR LOSS OF WAGE CAPACITY.
III. THE ORDER OF THE COMMISSION IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW AND FACT FOR FAILING TO FIND THAT CLAIMANT HAS SUSTAINED ANY OCCUPATIONAL LOSS OF EITHER OF HER UPPER EXTREMITIES.
IV. THE ORDER OF THE COMMISSION IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW AND FACT IN FAILING TO FIND THAT CLAIMANT WAS DILIGENT AND REASONABLE IN HER EFFORTS TO FIND OTHER EMPLOYMENT.
V. THE ORDER OF THE COMMISSION IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW AND FACT FOR FAILING TO AWARD INTEREST AND PENALTIES.
VI. THE ORDER OF THE WASHINGTON COUNTY, MISSISSIPPI CIRCUIT COURT GRANTING APPELLEE’S MOTION TO DISMISS IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Mary A. Triplett was employed by Farm Fresh Catfish Company as a pro *440 cessor. On February 8, 1995, Triplett filed a petition to controvert with the Mississippi Workers’ Compensation Commission alleging a work related injury to “her right wrist due to the constant picking up, twisting, and turning of the fish.” A hearing was held in Washington County before the administrative law judge on October 3, 1996. The administrative law judge issued a ruling granting Triplett temporary total as well as permanent total disabilities for injuries to her left and right arms. Farm Fresh filed a petition for review of the administrative law judge’s order with the Full Commission.
¶ 4. The Full Commission issued its order on September 18, 1997, reversing the administrative law judge’s award of permanent total benefits, and awarded Triplett compensation for permanent partial disability on the basis of a twenty percent impairment to her right arm alone. On October 21, 1997, thirty-three days after the Full Commission’s order, Triplett filed a motion entitled “Claimant’s Notice of Appeal from Full Commission Order.” Farm Fresh filed a motion with the circuit court to dismiss the appeal due to the expiration of the thirty day appeal period as provided in Miss.Code Ann. § 71-3-51 (Rev.1995) and Procedural Rule 11 of the Mississippi Workers’ Compensation Commission. On May 7, 1998, the circuit court granted the motion to dismiss for Triplett’s failure to file her appeal within thirty days of the Commission’s order. From this order, Triplett appeals.
ANALYSIS
¶ 5. When the circuit court reviews findings and conclusions of the Mississippi Workers’ Compensation Commission, it sits as an intermediate court of appeals. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991). As such the circuit court reviews all questions of law and fact. Roberts v. Junior Food Mart, 308 So.2d 232, 235 (Miss.1975). See also Miss.Code Ann. § 71-3-51 (Rev.1995). “[Wjhen the decision of the Commission is before the circuit court on intermediate appeal, that circuit court may not tamper with the findings of fact, where the findings are supported by a sufficient weight of the evidence.” Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 274 (Miss.1993). In this case the circuit court addressed a question of law and dismissed Triplett’s appeal for failure to file her notice of appeal within thirty days as required in Miss. Code Ann. § 71-3-51 (Rev.1995) and Procedural Rule 11 of the Mississippi Workers’ Compensation Commission. On appeal, we review matters of law de novo. Id. at 273. Triplett has assigned six errors on appeal, but we will only discuss whether the circuit court erred in dismissing this cause, as it is dispositive of this case.
THE ORDER OF THE WASHINGTON COUNTY, MISSISSIPPI CIRCUIT COURT GRANTING APPELLEE’S MOTION TO DISMISS IS MANIFESTLY ERRONEOUS AS A MATTER OF LAW.
¶ 6. The uncontroverted evidence in this case is that the Full Commission issued its order on September 18, 1997. Triplett filed her notice of appeal from the Full Commission’s order on October 21, 1997. In accordance with Miss.Code Ann. § 71-3-51 (Rev.1995) a party wishing to perfect an appeal from the final award of the Commission has thirty days to do so. The statute reads in its pertinent part as follows:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
¶ 7. Procedural Rule 11 of the Mississippi Workers’ Compensation Commission states in its pertinent part:
APPEAL FROM COMMISSION AWARD. Should either party desire to *441 appeal from an award of the Commission, the party desiring to appeal within thirty (30) days of the date of the award will file a notice of appeal with the Secretary of the Commission. The notice shall set out the style of the case, the grounds upon which the appeal is taken, and certification that copies of the notice of appeal have been filed with the opposing parties.
¶ 8. As Triplett did not file her notice of appeal until thirty-three days after the Commission’s order, the order of the Commission is final and binding on all parties. The circuit court did not err in dismissing Triplett’s appeal.
¶ 9. Triplett argues that there is an inconsistency between the procedural rule and the statute. Triplett propounds that Miss Code Ann. 71-3-51 (Rev.1995) requires that an appeal be made within thirty days from the date of the filling of the Commission’s order and notification to the parties, while the procedural rule only allows an appeal within thirty days of the date of the award. Triplett asserts that the statute should take precedent over the procedural rule. Therefore, Triplett maintains that she did not receive notice of the Commission’s order until September 22, 1997, and timely perfected her appeal on October 21, 1997. Triplett further argues that under M.R.A.P. 26 she should have an additional three days as she was notified by mail of the Commission’s order.
¶ 10. We are not persuaded by Triplett’s arguments. Our supreme court has never interpreted Miss. Code Ann. § 71-3-51 (Rev.1995) to require the running of the thirty days to begin when the party received notice of the Commission’s order. Our supreme court has held that certain filings with the Commission such as a motion to review the evidence (the equivalent of a motion for a new trial) will toll the thirty-day appeal requirement from the Commission to the circuit court until an order disposing of the motion is entered by the Commission. Johnston v. Hattiesburg Clinic, P.A., 423 So.2d 114, 115 (Miss.1982). However, no such motions were filed in this case.
¶ 11. In T.C. Fuller Plywood Co. v. Moffett, 231 Miss. 382, 386, 95 So.2d 475, 477 (1957), our supreme court was faced with interpreting two statutes, Section 6998-19(f), Code of 1942, and Section 6998-26, Code of 1942 (subsequently reenacted without change as Miss. Code Ann. § 71-3-51 (Rev.1995)). Section 6998-19(0 required installment payments under the terms of an award for worker compensation benefits to be paid within fourteen days after they became due or certain penalties would be applied. Id. In T.C. Fuller, the appellant had begun making payments to the claimant within twenty-three days of the award but the appellee argued the payment should have been made within fourteen days of the award. Id. Our supreme court held that the fourteen day time limit of Section 6998-19(0 would only begin to run after the order became final which would be after the thirty days in which a party has a right to perfect an appeal. Id. at 478. Although not specifically asked to interpret the “and notification to the parties” language of Section 6998-26, our supreme court made it clear that a party has thirty days from the date of the Commission’s order to effectuate an appeal and not thirty days from notification. Our supreme court stated that “[w]e therefore hold that under the statutes here being reviewed the appellants had thirty days from the date of the Commission’s order in which to appeal or comply with the award, and having complied with the award within said period of thirty days, they incurred no liability for the twenty percent penalty provided in said Section 6998 — 19(f).” Id. (emphasis added).
¶ 12. Again although not specifically asked to interpret the “and notification to the parties” language, our supreme court in Dependents of Townsend v. Dyer Woodturnings, 459 So.2d 300, 301-02 (Miss.1984), upheld the circuit court dismissal of a claimant’s appeal for failing to timely *442 perfect the appeal by filing with the Secretary of the Commission within thirty days of the date of the Commission’s order.
¶ 13. Triplett failed to perfect her appeal until thirty-three days after the Commission’s order. The order of the Commission is now conclusive and binding on all parties.
¶ 14. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, AND LEE, JJ., CONCUR.
PAYNE, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND LEE, JJ.