SOUTHWICK, P.J., for the Court:
¶ 1. Margaret Ann Tinnon’s claim for benefits was denied by the Workers’ Compensation Commission. The Washington County Circuit Court dismissed her appeal, after having found that it was untimely filed. On appeal to this Court, Tin-non argues that she had not been properly notified of the final decision by the Commission. We disagree with that argument and affirm.
FACTS
¶ 2. Tinnon claims that on November 6, 1996, she injured herself while working for C. Hager & Sons Hinge Manufacturing Company. After working for two hours, she left early to go to the doctor. She states that she notified her employer of a work injury, but there are no records to support this claim. While at the doctor’s office, she filled out forms stating that the injury was not work-related. She was referred to several other doctors for pain in her arm, shoulder and back. Dr. Glenn *595 Warren, a specialist in neurological surgery, performed surgery to correct a ruptured disc in her neck. At this doctor’s office, forms were also completed as if this were not a workers’ compensation claim. She claims that was simply a mistake.
¶ 3. In November 1997, Tinnon filed a petition to controvert. After discovery and a hearing, the administrative judge denied Tinnon’s claim. An appeal to the Commission followed. Before the Commission hearing was scheduled, Tinnon’s attorney filed a motion to withdraw. Attached to the motion was a certificate of service indicating that the motion had been sent to Tinnon at a Texas address. In a June 1, 1999 order permitting the attorney’s withdrawal, the Commission ordered that Tinnon be given an additional sixty days to employ a new attorney. She was informed that unless new counsel was obtained, the review by the Commission would be on the record.
¶ 4. No new attorney was found within that period. The Commission met on August 30, 1999, regarding Tinnon’s claim. On September 24, 1999, the Commission issued an order affirming the administrative judge’s denial of the claim. The order was mailed to Tinnon at her Leland, Mississippi address, which was the address of record. Tinnon received the notice on October 8, 1999. Shortly thereafter Tinnon retained new counsel, who filed a notice of appeal on November 3, 1999. The circuit court judge granted Hager’s motion to dismiss the appeal as being untimely.
DISCUSSION
¶ 5. Tinnon acknowledges that her notice of appeal to circuit court was filed more than thirty days from the date of the Commission decision. She also candidly cites a decision of this Court that interpreted the appeal statute to require that the thirty-day calendar start on the day after the Commission order regardless of a few days’ delay in notice of the order actually being received by the dissatisfied party. Triplett v. Farm Fresh Catfish Co., 737 So.2d 438, 441 (Miss.Ct.App.1999). Tinnon asks that we reconsider that conclusion.
¶ 6. The role of stare decisis on an intermediate state court has not until recently been an issue for Mississippi courts. With the creation of the Court of Appeals and commencement of its service in January 1995, and especially with the publication of all of its opinions as of November 1998, what was academic has now become real. Should a published opinion of this Court continue to bind us until the Supreme Court has directly or indirectly indicated error? Though the question is no longer academic, we also find that here an answer is not essential. We find nothing in the argument made that causes us to doubt the validity of our Triplett opinion.
¶ 7. In Triplett, the claimant filed a notice for appeal thirty-three days after the filing of the final order but thirty days after receiving notice of the final order. The applicable statute is this:
The final award of the commission shall be conclusive and binding unless either party- to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
Miss.Code Ann. § 71-3-51 (Rev.2000) (emphasis added). Tinnon relies on that italicized .clause to argue that the thirty day period does not begin until notice is received.
¶ 8. Tinnon as did the appellant in Triplett raises a statutory interpretation question. What is useful in interpreting statutes that are administered by agencies is to examine their explanation of any ambi *596 guities. The Workers’ Compensation Commission has exercised its authority to adopt rules to implement the directives of these statutes, so long as they are consistent with statute. Miss.Code Ann. § 71-3-85(5) (Rev.2000). Triplett discussed a procedural rule that requires the notice of appeal to be filed within thirty days from the entering of the final order. Triplett, 737 So.2d at 440-41. Workers’ Compensation Commission, Procedural Rule 11. This means that the Commission did not find that the appeal time was tolled until receipt of “notification to the parties” of a final order. Triplett, 737 So.2d at 441.
¶ 9. Besides relying on the Commission’s interpretation, the Triplett court also examined a Supreme Court decision that stated that a party had thirty days “from the date of the Commission’s order” to appeal. T.C. Fuller Plywood Co. v. Moffett, 231 Miss. 382, 388, 95 So.2d 475, 478 (1957). The issue was not as sharply drawn as here, but the statement was unequivocal.
¶ 10. We therefore do not disturb our Triplett conclusion about the date that the thirty-day period for appeal commences. It is the date of the Commission order.
¶ 11. Tinnon also alleges that the Commission failed to send notice to her proper address. There is no dispute that the Commission sent the order to the address shown on her petition to controvert. A Commission rule requires that all parties to a proceeding provide current addresses. Absent written notice of a change, the latest address “on file with the Commission shall be presumed correct....” Mississippi WoekbRs’ Comp. Comm’n PROC. Rule 21. Tinnon contends that her former attorney placed the Commission on notice of a change in her address. The Certificate of Service attached to her first attorney’s motion to withdraw had a Texas address for Tinnon. In all other prior documents in the record, Tin-non is shown to have an address in Leland, Mississippi. We do not accept that the attorney’s certificate of service is a proper means to notify the Commission of a change of address. To inform the Commission in writing of an address change does not permit a party to bury the change in some document whose purpose is other than to notify of a change of address. A contrary rule would require Commission staff each time a document is filed to examine any address shown, compare it to what was already found, and contact the party to ascertain whether that is now the address that should be used. It is the party’s burden to bring to the Commission’s attention the new address that should be considered current. Tinnon did not do that.
¶ 12. Tinnon also revealed in her post-Commission filings that, right address or wrong, she received a copy of the final order well before the thirty days had expired.
¶ 13. Tinnon in a related argument claims that she was not notified about the Commission hearing. In the Commission’s order allowing her former attorney to withdraw, she was granted an additional sixty days to obtain new counsel. That order stated that if she did not do so, the final hearing would be solely on the record. The Commission hearing was held ninety days later, on the record as Tinnon did not contact the Commission nor obtain new counsel. There is no evidence that Tinnon made any contact with the Commission between the order allowing the withdrawal of her previous counsel until the untimely notice of appeal. The Commission did not err.
¶ 14. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT *597 COURT IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.