KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 63. I concur in the majority’s affir-mance of Wilson’s conviction for receiving stolen prpperty. I respectfully dissent in part, however, because I would reverse and remand the case to the Circuit Court of Warren County for resentencing. The trial court was without authority to sentence him to any term oof imprisonment which exceeded five years under the amended version of Section 97-17-70(4) (Rev.2014). .
¶ 64. In its prior version, Mississippi Code Section 97-17-70(3) provided that any person “who shall be convicted of receiving stolen property which, exceeds Five Hundred Dollars ($500.00) in value shall be committed to the custody of the State Department of Corrections for a term not exceeding ten (10) years or by a fine not more than Ten Thousand Dollars ($10,-000.00) or both.” Miss.Code Ann. § 97-17-70(3) (Rev.2006). Section 97-17-70 changed, effective July 1, 2014, to provide that the value of the stolen property be “One Thousand Dollars ($1,000.00) or more, but less than Five Thousand Dollars ($5000.00)....” Miss.Code Ann. § 97-17-70(4) (Rev.2014). The penalty for the offense of receiving stolen property was altered to “imprisonment in the custody of the State Department of Corrections for a *875 term not exceeding five (5) years or by a fine of not more than Ten Thousand Dollars ($10,000.00) or both.” Id.
¶ 65. Mississippi Code Section 99-19-33 provides that, “[i]f any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court....” Miss.Code Ann. § 99-19-33 (Rev.2015). This Court has held that “when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended.. Any precedent holding otherwise is in error.” Daniels v. State, 742 So.2d 1140, 1145 (Miss.1999) (emphasis added).
¶ 66. In Daniels, this Court reversed and remanded Daniels’s life sentence for capital rape because, before sentencing had taken place, the applicable statute, which originally prescribed a mandatory penalty either of death or life imprisonment, had been amended to provide a “sentence of ‘imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.’” Daniels, 742 So.2d at 1144 (quoting Miss. Code Ann. § 97-3-65(2)(c) (Supp.1998)). See Johnson v. State, 260 So.2d 436, 439 (Miss.1972) (“[WJhen the facts which constitute a criminal offense may fall under either of two statutes, or when, there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.”)
¶ 67. Here, the crime occurred April 2, 2012. Wilson was' indicted in January 2013 under the prior version of Section 97-17-70, which prescribed a maximum penalty of ten years’ imprisonment. The amendment to Section 97-17-70, which incorporated the lesser penalty of up to five years’ imprisonment, became effective July 1, 2014. Wilson was tried and convicted in September 2014. Wilson’s counsel argued at sentencing that the new version of the statute should be applied and the trial court rejected the argument: “this action happened prior to the change of the law and until the Supreme . Court tells us different thé Court will stand by the original elements in sentencing.” Wilson was sentenced on September 17,. 2014, .to “[t]en years in the custody of the Mississippi Department of Corrections, three (3) years to serve, with remaining balance suspended with post release supervision for five (5) years_” As such, under Section 99-19-33 and Daniels, Wilson argues that his sentence is illegal, that his sentence should be vacated, and that the case should be remanded for resentencing.
¶ 68. The State urges us to consider Mississippi Code Section 99-19-1, which provides:
No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection .of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or-prescribing its punishment, or for the „ imposition of penalties, shall be continued, in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.
Miss.Code.\ Ann. § 99-19-1 (Rev,2015). The State argues .that “Section 99-19-1 is clear that the applicable sentence- at the time a crime is committed should be used. And the language- in § 99-19-33 clearly *876 states that a milder punishment from an amended statute may be imposed.”
¶ 69. The majority opinion agrees with the State and engages in an exegesis of this Court’s jurisprudence, concluding that, while this “Court indeed may'overrule its own cases, ... we have no authority' to abrogate, disregard, or edit statutes- enacted by the Legislature.” Maj. Op. ¶ 61. It is true that this Court has no authority, absent a determination of unconstitutionality, to ignore duly enacted statutes.
¶ 70. In West v. State, this Court considered whether the trial court' had committed revérsible error by refusing the defendant’s “repeated requests to apply the amendments to Miss.Code Ann. §§ 97-3-21 and 99-19-101, and to instruct the sentencing jury that it could sentence [the defendant] to life imprisonment without parole.” West v. State, 725 So.2d 872, 877 (Miss.1998), abrogated on other grounds by Jackson v. State, 860 So.2d 653 (Miss.2003). Prior to the defendant’s trial, Section 97-3-21 was amended to allow the sentencing jury to consider, in addition to penalties of either death or life imprisonment with the possibility of parole, the penalty of life imprisonment without the possibility of parole. Id. The amending act provided that “ ‘[t]he provisions of this act shall apply to any case in which pretrial, trial or resentencing proceedings take place after July 1, 1994.’ ” Id. (quoting 1994 Miss. Laws ch. 566 § 5). The defendant’s trial commenced on August 8, 1994. Id.
¶ 71. This Court observed that “Section 99-19-1 provides that all laws prescribing' punishment will continue to govern the penalties of all crimes committed under them, notwithstanding amendatory or repealing statutes, unless otherwise especially provided in such statutes.” Id. at 878-79 (emphasis in original). Because the “plain meaning'of the language in § 97-3-21 indicates that the legislature intended any defendant whose pretrial, trial, or sentencing proceedings commenced after July 1, 1994 to have his sentencing juries instructed on the sentencing options of life, life without parole, or death,” this Court held that “the proscriptions of § 99-19-1 do not preclude the application of the amendments” to the defendant. Id. at 878-79.
¶ 72. In the present case, Section 97-17-70 specified that it was to be effective “from and after July 1, 2014.” Miss.Code Ann. § 97-17-70. Subsection 4 of Section 97-17-70 specifically addresses “[a]ny person who * shall be convicted of receiving stolen property....” Miss.Code Ann. § 97-17-70(4) (emphasis added). Wilson was convicted in September 2014. Therefore, as in West, by its express language, Section 99-19-1 “does not preclude the application of the amendments” to Wilson.
¶73. The majority discredits the West Court’s interpretation of Section 99-19-33 and determines that it does not apply in this case. Maj. Op. ¶ 56, n. 3. The Court in West considered the totality of Section 99-19-33 as follows:
If any statute shall provide- a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of • the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.
West, 725 So.2d at 881 (quoting Miss.Code Ann. § 99-19-33). The Court held that Section 99-19-33 “does not grant a judge *877 discretion” in sentencing, because “[a]l-though the language seems to suggest discretion in stating that the lighter sentence may be imposed by the court, the subsequent sentence states that a judge’s failure to impose the lighter sentence is error” and that “such error entitles the party injured to a vacation or reversal of the punishment portion of the judgment.” West, 725 So.2d at 881.
¶74. This Court referenced the rule that “while permissive language of a statute is presumably interpreted in its ordinary sense, it will be interpreted as mandatory where the context compels such a construction.” West, 725 So.2d at 881 (citing Leflore Bank & Trust Co. v. Leflore County, 202 Miss. 552, 558, 32 So.2d 744, 746 (1947)). According to this Court, “there can be no discretion to decline to apply an amendatory provision if declining to do so results in reversible error.” West, 725 So.2d at 881.
¶ 75. The majority argues that “striking the word ‘may’ in favor of ‘shall’ results in the judicial abrogation of Section 99-19-1, which explicitly obligates the trial court to do that which the West Court rewrote Section 99-19-33 to prohibit.” Maj. Op. ¶57. With respect, this Court did not strike the word "may” and substitute the. word “shall” in West, but rather engaged in a reasonable interpretation of a self-contradictory statute. In its first sentence, Section 99-19-33 provides that the trial court has discretion with regard to sentencing and, in the second sentence, it provides that erroneous sentencing entitles the defendant to a reversal of the-punishment and not the reversal of the conviction. Furthermore, as discussed above, Section 99-19-1 does not apply to this case, nor did it apply in West, because the respective statutes in issue incorporated -an effective date, after which the- respective defendants were tried, convicted, and sentenced. *'
¶76. At the'very least, the rule of lenity applies to a patently ambiguous statute: “penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused. Where a statute is patently ambiguous, it must be interpreted in favor of the accused.” McLamb v. State, 456 So.2d 743, 745 (Miss.1984) (citing State v. Russell, 358 So.2d 409 (Miss.1978); Carter v. State, 334 So.2d 376 (Miss.1976); Walton v. State, 219 Miss. 72, 68 So.2d 87 (1953); Terry v. State, 172 Miss. 303, 160 So. 574 (1935)) (emphasis added),
¶ 77. While I agree that Wilson’s conviction for receiving stolen property should be affirmed, I decline to join the majority’s refusal to apply the controlling law with regard to his sentence. Accordingly, I dissent in part.
WALLER, C.J., and KING, J., JOIN THIS OPINION.